KENNEY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Practice**: POSTPONEMENT: CONTINUANCE. Under the facts in this case, *Held*, the defendant was not entitled to either a postponement or continuance of the trial.

2. **Railroad**: ENGINE: ESCAPE OF FIRE. When, in an action for damages against a railroad for the negligent escape of fire from its engine, the defendant has offered proof of care on its part, which evi-

dence is not contradicted, the court should not, as a matter of law, declare that plaintiff's *prima facie* case is rebutted.

3. ———— : ———— : ————. A railroad is not liable for the escape of fire from its engine when it has provided one with the latest, best and most approved machinery, appliances and contrivances to prevent its escape, and a careful and competent engineer to operate the engine, one who used reasonable care to prevent such escape of the fire.

*Appeal from Caldwell Circuit Court.*—Hon. E. J. Broaddus, Judge.

Affirmed.

*G. W. Easley* for appellant.

Every *prima facie* case is founded on a presumption of law made by the court, and never on inference made by the jury as a deduction from other facts. Best on Ev., (Chamberlayne's Ed.) § 304; Stephen's Ev., (May's Ed.) 36; *State v. Kelly*, 73 Mo. 608; *Garvin v. Williams*, 44 Mo. 465; 50 Mo. 206. Admit that the escape of fire from the engine raises a presumption of law that it was negligently permitted to do so, yet it is for the court, and not the for jury, to determine the amount and character of evidence to overcome it, and when defendant's evidence is entirely uncontradicted, it is error for the court to submit the case to the jury. *Spaulding v. Railroad Co.*, 33 Wis. 382. And when the verdict is made, against the uncontradicted evidence, it will be set aside. *Reed v. Morse*, 34 Wis. 315; *Freemouth v. London, etc., R. R. Co.*, 10 C. B. (N. S.) 89. The defendant's first instruction should have been given. *Spaulding v. Railroad Co.*, 33 Wis. 582; *Reading, etc., R. R. Co. v. Latshaw*, 2 A. & E. R. R. Cases 267. Where defendant's evidence to disprove the negligent escape of the fire is complete, and no fact appears apart from the mere escape of the fire from which negligence may be found, the loss is *damnum absque injuria*. *Turnpike Co. v. Railroad Co.*, 54 Pa. St. 345; *Railroad Co. v. Hendrickson*, 80 Pa. St. 182; *Flynn v. Rail-*

*road Co.,* 6 Am. Rep. 597, note. ' The continuance asked by the defendant, should have been granted. On the evidence, there is no pretense that the fire was not there before the engine passed. The question whether the failure of defendant's men to extinguish the fire creates a cause of action, is not in the record. That it does not create a cause of action, see *Baltimore, etc., R. R. Co. v. Shipley,* 39 Md. 251 ; *Indianapolis, etc., R. R. Co. v. Paramore,* 31 Ind. 143 ; *Kenney v. Railroad Co.,* 70 Mo. 253.

*Shanklin, Low & McDougal* for respondent.

The court did not err in overruling defendant's application for a continuance. Defendant did not show the diligence the law requires. *Wood v. Railroad Co.,* 58 Mo. 109 ; *State v. Burns,* 54 Mo. 274; *Evans v. Pond,* 30 Mo. 235 ; *Scogin v. Hudopeth,* 3 Mo. 123. The granting of continuances rests largely in the discretion of the trial court, and every intendment is made in favor of the ruling of that court. *Leabo v. Goode,* 67 Mo. 126, 132 ; *King v. Pearce,* 40 Mo. 222 ; *Board of Regents v. Linscott,* I Pac. Rep. 81 ; *Riggs v. Fenton,* 3 Mo. 28 ; *State v. Worrell,* 55 Mo. 256 ; *Garret v. Railroad Co.,* 36 Iowa 121 ; *Calhoun v. Crawford,* 50 Mo. 458. The court did not err in refusing the instruction requested by defendant, for it asked the court to find, as a matter of law, that the *prima facie* case made by plaintiff was rebutted. It was for the court, not the witnesses, to pass on the question of fact. *Poeffers v. Railroad Co.,* 67 Mo. 716 ; *Kenney v. Railroad Co.,* 70 Mo. 243; *Coates v. Railroad Co.,* 61 Mo. 38. The first instruction asked by the defendant ignored the fact that the defendant's servants negligently permitted the fire to destroy plaintiff's property. *Rolke v. Railroad Co.,* 26 Wis. 537 ; *Westfall v. Erie R. R. Co.,* 5 Hun 75 ; *Kenney v. Railroad Co.,* 63 Mo. 99. In *Baltimore, etc., R. R. Co. v. Shipley,* 39 Md. 251, the court only held that the company was not bound to keep men stationed along its track to put out the fire ; that such a rule would be impracticable.

HENRY, J.—This is the third time this case has been here on defendant's appeal.   It is an action to recover damages for property of plaintiff destroyed by fire, which, plaintiff alleges, was set out by defendant's negligence.   The pleadings are substantially the same as when the cause was here before, and the facts are not materially different.   See 70 Mo. 253.

It appears from the transcript now before us, that at the June term, 1880, of the Caldwell circuit court, an order was made requiring defendant to supply the pleadings in the cause within thirty days of the close of that term, and continuing the case to the next term.   It does not appear why the defendant was required to supply the pleadings, but it may be inferred that it was through its fault that they were missing.   On the first day of the succeeding term, defendant having failed to supply the pleadings, plaintiff had leave to file his petition as a substitute for the original, and on the same day a judgment by default was rendered against defendant, which, on the fifth day of the term, on defendant's motion, was set aside, whereupon plaintiff withdrew the petition he had filed as a substitute, and defendant filed substitutes for the original pleadings, together with an amended answer, which differed from the original only in that it contained an allegation that by virtue of its charter it had the right to use locomotive engines, moved and worked by steam as a motive power to draw cars and trains, upon which, however, no issue was made by the replication. Defendant, thereupon, applied for a postponement of the trial for two days, which was refused, and then applied for a continuance of the cause to the next term, on account of the absence of material witnesses, and of what occurred in relation to the substitution of the pleadings, etc.   This application was refused, and the propriety of that action of the court is the principal matter for consideration, if we adhere to our rulings in the cause when last here.

It was the duty of the defendant to supply the missing

record. It had from the June to the October term, 1880, to comply with the order. The affidavit shows no good reason why it was not done. The pleadings could have been supplied from the record of this court. In fact the defendant did supply them at the October term; must have known it could supply them, and should have used due diligence in getting ready for a trial of the cause at that term. The cause was pending and for trial at the October term, notwithstanding the lost pleadings had to be supplied. Defendant did not know, could not have known, of the substitute petition filed by plaintiff and of the judgment rendered upon it. That occurred on the first day of the term, and furnishes no earthly excuse to defendant for not getting ready for trial in the interim between the two terms. The court very properly refused both defendant's application for a postponement and for continuance.

The following are instructions asked by defendant, the first of which was refused and the second given:

1. It appearing from the uncontradicted evidence offered by the defendant that the engine which it is alleged communicated the fire to plaintiff's property was provided with the latest, best, and most approved machinery, appliances and contrivances, to prevent the escape of fire, and that a careful and competent engineer was operating said engine at the time, and that he used reasonable care in operating the same to prevent the escape of fire, therefore, the *prima facie* case relied upon by the plaintiff, is rebutted and the finding of the court must be for the defendant.

2. If the court, sitting as a jury, finds from the evidence, that the engine which it is alleged communicated the fire to plaintiff's property, was provided with the latest, best, and most approved machinery, appliances and contrivances to prevent the escape of fire, and that a careful and competent engineer was operating the engine at the time and that he used reasonable care in operating the same to' prevent the escape of fire therefrom, then the court must find for the defendant.

37—80

Counsel contends that when defendant offers proof of care on its part, and the evidence is uncontradicted, it is for the court to declare, as a matter of law, that plaintiff's *prima facie* case has been rebutted. Such is what the refused instruction asked. The occurrence of the fire is *prima facie* evidence of defendant's negligence, provided the evidence, whether circumstantial or direct, tends to prove that it escaped from the locomotive. The criticism on the distinction drawn in *Kenney v. Railroad Co.*, 70 Mo. 250, between a *prima facie* case and a presumption of law, whether just or not, certainly throws but little light on the question arising on the refusal of defendant's first instruction. Evidence that a train of cars passed a given place and immediately after, fire was discovered on the track, not seen there before, does not raise a presumption of law that the fire escaped from the locomotive, and yet it is sufficient to warrant the submission of that issue to the jury, and if they find the fact that the fire escaped from the locomotive, the other fact that it was occasioned by the negligence of the defendant is included in that finding, and it devolves upon defendant to show care to prevent the escape of the fire. Whether it is called a presumption of law or a *prima facie* case is practically immaterial in this cause, but, speaking for myself, there is a distinction between a *prima facie* case which is made out by certain proved facts, and a presumption of law arising from a given state of facts. The instruction was properly refused and that given for defendant exactly declared the law applicable to this case. *Kenney v. Railroad Co.*, 70 Mo. 250; *Coates v. Railroad Co.*, 61 Mo. 40; *Babcock v. C. & N. W. R. R. Co.*, 17 N. W. Rep. 909.

Defendant's counsel states in his brief that "on the evidence as it now stands there is no pretense that the fire was not there before the engine passed." Folsom, at the former trial, testified that "immediately after the passage of the train going east he saw fire spring up after it and on the right of way adjoining plaintiff's premises." His

testimony at the last trial was: "Immediately after the train passed fire sprang up near the track in two places about two hundred yards apart." I confess my inability to comprehend counsel's meaning. If there is any material variance between Folsom's testimony given at the last and that at the former trial with respect to the origin of the fire, I am utterly unable to see it.

The plaintiff asked no instructions; none were given except that at defendant's instance. The cause was tried by the court without a jury and the judgment which was for plaintiff is affirmed. All concur.