JOHN BOONE, Respondent, v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 4, 1886.

1. PRACTICE—NEGLIGENCE—PRIMA FACIE CASE—DEMURRER TO EVIDENCE.—When the plaintiff has made out a *prima facie* case of negligence against a railroad company in the operating of its road, although the defendant may introduce evidence which entirely overthrows and disproves the *prima facie* case of the plaintiff, the trial court cannot say, as matter of law, that it is so overthrown, and direct a verdict for the defendant. The plaintiff is entitled to have the judgment of the jury on the credibility of the witnesses produced by defendant, and the value of their testimony.

2. —— —— SUFFICIENCY OF STATEMENT—PROOF OF FAILURE TO FENCE.—Under the common law count for negligence, the plaintiff has the right to prove *any negligence* of the company that contributed to produce the injury complained of, including that of a failure to ring the bell or sound the whistle; and so of the proof of failure to fence. And the statement is susceptible of amendment (section 3060, Revised Statutes), but *if made,* and based upon absence of a lawful fence, the proof would be limited to that ground.

3. —— INSTRUCTIONS—REFUSAL OF WHEN NOT ERROR.—When the instructions given by the court fairly and directly declare to the jury what the real issue is, and where the burden of proof lies, and what must be shown to sustain a claim of liability, it will not constitute error, if other instructions asked by defendant, which might very properly have been given, are refused.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

GEORGE S. GROVER, for the appellant.

I.   The demurrer to the evidence should have been sustained. It was shown by the testimony that the injury could not have been avoided. Upon such a state of

facts, there could be no recovery upon the allegation of negligence in the management of the train. *Wallace v. R. R.*, 74 Mo. 597; *Bell v. R. R.*, 72 Mo. 61, and cases cited.

II. The court admitted incompetent testimony. The admission of evidence concerning the failure to fence was error, as it changed the cause of action from common law to the statute, and enabled plaintiff to introduce proof concerning a cause of action not alleged. *Luckie v. R. R.*, 67 Mo. 246, and cases cited; *Waldheir v. R. R.*, 71 Mo. 514, and cases cited.

WOODSON & WOODSON, for the respondent.

I. After the expiration of time agreed upon within which to file bill of exceptions, the bill could not be filed even by agreement of parties, except with the concurrence of the court and entered of record. Such entry could not be made after adjournment of court entered of record, by reconvening it with one of opposing attorneys, the other side being absent and not consenting. *Gill v. Scruggs*, 79 Mo. 187; *Lone Association v. True*, 79 Mo. 193; *McCost v. Cunningham*, 75 Mo. 279.

II. There was evidence to sustain the verdict, and it tended to show that the injury could have been avoided. This court will not reverse on the ground that in an action as at common law, a verdict is against the weight of evidence where there is not an absolute failure thereof. *Russell v. Berkstessen*, 77 Mo. 417; *Hodges v. Black*, 76 Mo. 537; *Hamilton v. Berry*, 74 Mo. 83.

III. It is not error to refuse an instruction when those given properly present the law of the case. *Wilson v. R. R.*, 60 Mo. 184. Any negligence in the case may be shown. *Calvert v. R. R.*, 38 Mo. 467; *Goodwin v. R. R.*, 75 Mo. 75; *Syms v. R. R.*, 75 Mo. 167.

PHILIPS, P. J. — This action was begun before a justice of the peace, and it is to recover single damages against the defendant, a railroad corporation, for killing a cow, the property of plaintiff. The statement filed

with the justice charged that defendant, by its agents and servants, carelessly and negligently, with its engine and cars, ran over and killed the cow, in Agency township, Buchanan county, etc. On appeal to the circuit court, plaintiff recovered judgment in the sum of thirty dollars, the value of the cow. Defendant has brought the case here by appeal.

The plaintiff's evidence tended to show that the cow came upon defendant's road at a crossing, but whether it was a public highway or not does not affirmatively appear. When the train approached this crossing the engineer slackened its speed. There is some conflict in the testimony of witnesses as to whether the cow then passed off the track, or whether she ran down it. At all events plaintiff's evidence tended to show that the cow went down the railroad track at a rate of speed much faster than that at which the train moved ; that the cow was in full view of the engineer and fireman, and that instead of trying to avoid the collision the engineer let on the steam and ran the cow down and killed her, when he could easily have avoided it.

The testimony of the engineer and fireman tended to show that when the train slackened up at the crossing, they supposed the cow left the track; and when she reappeared on the track they were so near her that it was not possible for the engineer to stop his train in time to avoid the injury.

The plaintiff, also, against the objection of defendant, made proof tending to show that the point in question was where defendant was required by law to erect and maintain a fence on the sides of its road, and that it had neglected to do so.

The defendant asked quite a number of instructions, but the court rejected them, and of its own motion gave the following instructions :

"1. If the jury believe from the evidence, that the plaintiff's cow was killed through the negligence of defendant's agents and servants in charge of the train in proof, they will find for the plaintiff, and assess his

damages at the value of the cow at the time of the killing."

"2. Negligence, as used in the foregoing instruction, means that the agents or servants of defendant, in the management of said train, were guilty of some act resulting in the injury complained of, which reasonable prudence would dictate should not have been done under the circumstances of this case, or the omission by them to perform some act which reasonable prudence would dictate should have been performed under the circumstances of this case, the omission of which resulted in the injury complained of. And the burden of proof rests upon the plaintiff to show such negligence."

I.   The first contention of appellant is that the court should have sustained its demurrer to the evidence. This is based on the facts testified to by defendant's witnesses, that as soon as they discovered the peril of the cow they used every means at their command to avoid the injury.   This is a misconception of the rule, as recognized by the appellate courts of this state, under which they will take the case from the jury.   When the plaintiff has made out a *prima facie* case, although the defendant may introduce evidence which entirely overthrows and disproves the *prima facie* case of the plaintiff, the trial court cannot say as matter of law that it is so overthrown, and direct a verdict for the defendant.   The credibility of the witnesses and the weight of evidence are peculiarly matters for the jury.   The plaintiff is entitled to have the judgment of the jury on the credibility of the witnesses produced by defendant, and the value of their testimony.   *Kenny v. R. R. Co.*, 80 Mo. 573 ; *Gregory v. Chambers*, 78 Mo. 298-9 ; *Cannon v. Moore*, 17 Mo. App. 102.

II.   It is next assigned for error that the circuit court improperly admitted the evidence touching the absence of the fence at the point in question.   We are free to admit that there is some apparent inconsistency in the rulings of the supreme court on this subject; but we see nothing to distinguish this case from the ruling

in *Minter v. R. R. Co.* (82 Mo. 128), in which the authorities are reviewed, and such proof held to be competent under such statement in a justice's court. It is, in our opinion, better for all concerned that this vexed question, as thus determined, should be adhered to than to be varying the rule on the unsubstantial differences in forms of averment.

Aside from this, we do not perceive that defendant can justly complain of this matter, as under the instructions of the court, the only issue submitted to the jury, was as to defendant's negligence in running and managing its train at the point and time of the injury. The jury, we are to presume, followed the directions of the court, and placed their verdict on the fact found, that the engineer was guilty of negligence in not avoiding the injury. There was ample evidence to support such a finding, and, under the circumstances of this case, we think the ends of substantial justice will be best subserved by not disturbing the verdict.

III. The defendant asked a number of instructions, some of which might very properly have been given. But those given by the court very fairly and directly told the jury what the real issue was, and that the burden of proof rested on the plaintiff to establish the fact of want of due care and prudence on the part of the servants in managing the car, and that their omission of duty occasioned the injury.

This was the issue, and all that plaintiff had to prove to entitle him to a verdict. The judgment is affirmed. All concur.