William E. Gibson, Appellant, v. E. C. Zimmerman, Respondent.

Kansas City Court of Appeals, June 6, 1887.

1. Practice—Demurrer to Evidence—Province of Court.—Where the plaintiff has made out a *prima facie* case, although the defendant may introduce evidence which entirely overthrows and disproves the *prima facie* case of the plaintiff, the trial court cannot say, as matter of law, that it is so overthrown, and direct a verdict for the defendant. The credibility of the witnesses and the weight of the evidence are peculiarly matters for the jury. The plaintiff is entitled to have the judgment of the jury on the credibility of the witnesses produced by the defendant and the value of their testimony. *Boone v. Railroad*, 20 Mo. App. 235.

2. Charter of St. Joseph—Grading of Streets—Case Adjudged. Where the city (of St. Joseph) has, by regular ordinance, authorized an improvement on one of its located and fixed streets ; and especially where it has, both by such ordinance and subsequent ordinances, recognized the street and the macadam on the fixed grade, as in this case, the city would be estopped, as against this defendant, in any action he might bring against it for altering the street or grade by tearing up this macadam, and that, in this action now pending, it is not essential to the plaintiff's right of recovery that he should show the existence of a previous ordinance establishing a grade for this street.

Appeal from Buchanan Circuit Court, Hon. Jos. P. Grubb, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action to recover from the defendant three several tax bills for macadamizing, done by plaintiff in front of defendant's property, under an ordinance of the city of St. Joseph. The contractor received, from the city engineer, the tax certificates, as in such case by the charter and ordinance provided.

· The answer pleaded that the work was not done properly, in accordance with the requirements of the ordinances ; that the property had not been divided into lots, as assumed by the several tax certificates issued by the city engineer ; and that the grade on the street so improved had not been previously established by the city, as by its charter required.

The reply tendered the general issue, and then alleged that the grade on this street, where the said work was done, was reëstablished, by ordinance of said city, in February, 1884, which was subsequent to doing the work and issuing the tax certificates, which grade is as the street was macadamized, etc. At the trial, the plaintiff read in evidence the ordinance of the city authorizing the said work to be done ; and introduced proof that Frank Fanning was the acting city engineer ; and then read in evidence the certificates of said engineer, in due form, showing that the work had been done accordingly by the plaintiff, as contractor, and the sums assessed against the property of defendant. Here the plaintiff rested. The defendant demurred to the evidence, which the court overruled.

The defendant, to sustain the issues on his part, introduced evidence tending to show that the work done did not, in some respects, come up to the requirements of the contract, and that no ordinance could be found, after search made, establishing the grade of this street

prior to passing the ordinance authorizing the work in question.

There was other evidence offered by defendant, as to other issues made in his answer, but, as they are not material to the determination of this appeal, they are not noticed.

The plaintiff, in rebuttal, offered evidence tending to show that all the ordinances hitherto passed by the city had not been recorded; and read in evidence an ordinance dated February 7, 1884, establishing the grade on this street on a straight line with the macadam, as claimed by plaintiff. At the close of the evidence, the court gave an instruction directing the jury to find for the defendant. Thereupon, the plaintiff submitted to a non-suit.

To reverse the action of the circuit court, this appeal is prosecuted by plaintiff.

James W. Boyd and B. R. Vineyard, for the appellant.

I. To recover for street improvements, under the charter of St. Joseph, the contractor can look alone to the property abutting on the street improved. The charter prohibits the city from becoming liable, "in any manner whatever," for work of this character. Acts of 1865, p. 435; *Kiley v. St. Joseph*, 67 Mo. 491. The contractor being remediless, unless he can recover from the lot owners, only a substantial compliance with the requirements of the charter and ordinances need appear. *St. Joseph v. Anthony*, 30 Mo. 542; *St. Louis v. DeNoue*, 44 Mo. 139; *Sheehan v. Owen*, 82 Mo. 465. Under the charter, the certified bills make a *prima facie* case. In the language of the Supreme Court, construing that charter, "The bills make a *prima facie* case of the facts and liabilities stated in them, and present a valid claim till rebutted by countervailing evidence." *Neenan v. Smith*, 60 Mo. 294; *Ess v. Bouton*, 64 Mo. 105; *Bu-*

*chanan v. Broadwell*, 88 Mo. 36; *City, etc., v. Armstrong*, 38 Mo. 33; Acts 1865, sect. 5, p. 435.

II. If the establishing of the grade on Union street, before letting the contract for the work had been necessary as a condition precedent to plaintiff's right of recovery, there was no such proof by defendant on that point, as to overcome plaintiff's *prima facie* case. At any rate, whether the *prima facie* case has been destroyed, was a question for the jury and not the court. But there was nothing in the charter or ordinances in evidence requiring the establishment of a grade before letting a contract for street improvements, absolutely nothing. The power given in the charter (Acts 1868, sect. 6, p. 237) to the mayor and council, "to establish a general plan for the location and graduation of streets," did not require the establishment of grades on any street, before undertaking to macadamize it. The ruling of the court below was an arbitrary exercise of judicial power, without any law or reason to sustain it. If the establishment of a grade had been necessary, the ordinance for the improvement of Union street, from Frederick avenue to Nineteenth street, at which points the grade had long previously been established, and the surface of the ground between these points being on a straight line, amounted to a municipal adoption of this line as the grade. On this line, or grade, the work sued for was done.

III. The court usurped the province of the jury, and declared that plaintiff's *prima facie* right to recover was overthrown by defendant's evidence. This ruling of the court is a new departure in the civil practice in this state. The evidence on the part of the defendant, as to every defence attempted, is very weak and unsatisfactory. No one of his witnesses claims or pretends to have made a thorough search for the ordinance which defendant claims did not exist. In fact, no one of said witnesses pretends that he examined, even superficially, all the ordinance books of said city. No witness pre-

tended to have examined at all the files in the register's office, to ascertain if the ordinance was there. If the witness had sworn to having made a thorough examination of all the books and files, still the question as to whether their evidence was sufficient to overcome plaintiff's *prima facie* case would have been a matter for the jury to pass on, under appropriate instructions. The certified tax bills make a *prima facie* case for plaintiff ; it is not for the court to say whether defendant's evidence destroyed plaintiff's case ; that is a question for the jury. In this case the jury would have been warranted, by the evidence, in finding that defendant's evidence was not sufficient to rebut plaintiff's case, and yet the court arbitrarily and absolutely ordered a verdict in favor of defendant. We protest against this new departure, this overturning of the well-established, fundamental principles of the law in this country. We object to the abolishment of the jury system by the circuit court.

EUGENE C. ZIMMERMAN, for the respondent.

I. Was it necessary that the grade of Union street should be established by an ordinance prior to the doing of the macadamizing ? The charter of St. Joseph provides (sect. 49, p. 45) that the mayor and council shall have the power to establish a general plan and graduation of streets and public ways within the city, etc., but with the proviso that when any street has heretofore been located or fixed ; or when the grade thereof has been heretofore fixed or established, and the same shall be thereafter changed by the city ; any person owning real estate upon the street shall have the right " to sue and recover from said city all damages he may sustain by reason of such change or alteration."

II. Chapter twenty-second, page one hundred and eleven, of the general ordinances provides that all grades made on the grade maps and profiles of the city, or named in any ordinance thereof as the intersection of

the two streets, shall have a direct reference to and shall designate the relative heights of the points where the centre line or axis of said two streets intersect. Chapter thirty-seven, page one hundred and fifty, section one, provides "That whenever the mayor and city council shall, by ordinance, direct any street, and so forth, to be prepared for the macadamizing and so forth, those portions above grade shall be excavated and those below grade shall be filled up, under the direction and supervision of the city engineer, until the desired grade shall be attained." The ordinance further provides that the grading of each block shall be fully completed before any macadamizing is laid on. *Fowler v. City of St. Joseph*, 37 Mo. 230 ; *Richardson v. Hegdenfeldt*, 46 Cal. 68 ; *Crawford v. Commissioners of Elk Co.*, 32 Kas. 555 ; *Thompson v. City of Boonville*, 61 Mo. 282 ; *City to use v. Armstrong*, 56 Mo. 298 ; *Roland v. City of Gallatin*, 75 Mo. 134 ; *Stewart v. City of Clinton*, 79 Mo. 603 ; *Perkinson v. City of St. Louis*, 4 Mo. App. 322 ; s. c., 53 Mo. 152 ; *Leavenworth v. Rankin*, 2 Kas. 357 ; *Saxton v. Beach*, 50 Mo. 488 ; *Fanning v. Schammel*, 9 Pac. Rep. 427 ; *Kyle v. Malin*, 8 Ind. 34 ; *Brookville v. Turnpike Co.*, 8 Ind. 393 ; *St. Louis v. Clemens*, 43 Mo. 396 ; *St. Louis v. Gleason*, 89 Mo. 67 ; *Bean v. Inhabitants of Hyde Park*, 9 N. W. Rep., 638 ; *Boone v. City of Utica*, 2 Barb. 104 ; *Fulton v. City of Lincoln*, 2 N. W. Rep. 724 ; *Irwin v. Divorce*, 65 Mo. 625.

III. Was the passage of the ordinance set forth in plaintiff's reply, dated February 7, 1884, curative in its effect, or, in other words, did its passage, after the work was done, and after the certificate was delivered to the contractor, make legal that which otherwise would have been illegal, and enable the contractor to enforce a bill for macadamizing which, without the passage of such ordinance, would not have been collectible ? We think not, and with confidence refer to the following authorities : *Ruggles et al. v. Jacob & Bixler*, 43 Mo. 353 ;

Const. Mo. sect. 48-65; *Newman v. City of Emporia,* 32 Kan. 456; *Saxton v. City of St. Joseph,* 60 Mo. 153; *Roland v. City of Gallatin,* 75 Mo. 134; *Brady v. King et al.,* 53 Cal. 44; *City of Leavenworth v. Rankin,* 2 Kan. 354; *Zottman v. City of San Francisco,* 20 Cal. 97; 4 Ky. 464; *Dries v. Graff et al.,* 51 Cal. 86; *Gorgan v. City of San Francisco,* 18 Cal. 590. •

IV. If an ordinance establishing the grade, after the grade was done, was sufficient and curative in its effect and power, could an action be maintained upon certificates issued prior to the passage of such ordinance? Was it necessary, after the ordinance fixing the grade was passed, to call the respondent's attention to that fact?

V. The evidence shows that the ground macadamized, in front of appellant's property, was fenced as one piece, and had always been deeded as one piece, and not by any of the descriptions mentioned in appellant's certificates. Could the engineer arbitrarily divide the foregoing into pieces? If so, what would prevent him from sub-dividing it, thereby making costs, deceiving the owner and enabling the contractor to bring separate suits?

VI. The charter is a source from which the council draw their power to pass an ordinance; an ordinance not in sympathy with the charter is void. The council cannot, by resolution, order macadamizing to be done and afterwards legalize such claim by an ordinance. If that be true, how much stronger the objection against legalizing that done in violation of the charter itself. 3 Mo. App. 580a; *City of St. Louis v. Gleason,* 89 Mo. 67.

PHILIPS, P. J.—The trial court erred in sustaining the demurrer to the evidence. The rule of practice in this respect was stated by us in *Boone v. Railroad* (20 Mo. App. 235), "where the plaintiff has made out a *prima facie* case, although the defendant may intro-

duce evidence which entirely overthrows and disproves the *prima facie* case of the plaintiff, the trial court cannot say, as matter of law, that it is so overthrown, and direct a verdict for the defendant. The credibility of the witnesses, and the weight of the evidence, are peculiarly matters for the jury. The plaintiff is entitled to have the judgment of the jury on the credibility of the witnesses produced by the defendant, and the value of their testimony. See cases cited. The tax certificates of the engineer made out a *prima facie* case, as to the facts and liabilities stated in them, and presented a valid claim, till rebutted by countervailing evidence." *Neenan v. Smith*, 60 Mo. 294 ; Acts, 1865, p. 435, sect. 5 ; *Buchan v. Broadwell*, 88 Mo. 36.

Clearly, then, when the plaintiff rested he had made out a *prima facie* case, and the burden of proof then shifted to the defendant to overcome this by countervailing proof. The trial judge was of this opinion, as he refused to give the instructions offered by defendant, in the nature of a demurrer to the evidence. Respondent seeks to escape this apparent blunder, by suggesting that the answer alleged that no grade had been established, by ordinance, prior to the ordinance authorizing this work, and that the plaintiff, in effect, admitted this fact by his reply, by relying upon an ordinance adopted subsequent to the issuance of the tax certificates. This is not tenable. The reply tendered, first, the general issue. This put in issue the allegation of the answer, that there was no prior ordinance. The reply then proceeds to state that this grade was reëstablished by the ordinance of 1884. So far from being inconsistent with the general denial, it was an affirmation of its truth. There could be no reëstablishment of a grade where one had not been established hitherto. It is likewise a misconception of the rules of pleading to contend, as does the respondent, that because the plaintiff had not affirmatively asserted in

VOL. xxvii—7

his reply the existence of a prior authoritative ordinance, he was precluded from giving evidence of its existence. The pleader is not required to allege a fact not essential, in the first instance, to his right of recovery. The tax bills implied that every prerequisite step to the imposition of the tax had been properly taken. The existence of the ordinance, if one was necessary, was included within the terms of the averments respecting the issuance of the tax bills. The burden rested on the defendant to show the non-existence of the ordinance, as claimed in his answer. It would be anomalous that, while the defendant was searching through the municipal archives and introducing witnesses to disprove the existence of such an ordinance, the plaintiff, when the defendant rested, should be precluded from proving there was such an ordinance.

II. As the cause is to be remanded, and a further trial must turn measurably upon the answer the law makes thereto, we should now determine the question as to whether or not it be essential to plaintiff's recovery, that the grade of the street in question should have been established by ordinance prior to ordering the macadamizing. The authority for defendant's contention must be found in the charter of the city, and ordinances passed in pursuance thereof. I fail to find in the charter any provision which, in direct terms, makes such requirements a prerequisite to an ordinance providing for the work of improvement. The charter confers upon the mayor and councilmen the "power to establish a general plan and graduation of streets, etc." Charter, sect. 49. The city may, if it so desires, establish such grades, but it is not made obligatory to incur the expense of grading, or establishing a grade on every street and alley within its limits. We see nothing in this to prevent the city from electing to let the natural grade of any particular street stand.

So the charter simply confers upon the mayor and councilmen the power to macadamize, etc., any street.

It nowhere declares that this power shall be exercised only upon such streets where the city has previously established, by ordinance, a grade. Section four of the amended charter (Laws, 1865, p. 435), provides that, "whenever the mayor and city council shall order the paving, macadamizing, etc., of any street within the limits of the city, the cost of the same shall be paid by the owners of the property in the vicinity," etc. Respondent seeks for the inhibition for which he contends, in section 49 of the charter, which provides, "that when any street, etc., in said city, has heretofore been located or fixed, or when the grade thereof has been heretofore fixed or established, and the same shall be altered or changed by the city authorities, any person owning real estate bordering upon, or adjoining, such street, etc., shall have the right to sue and recover from said city all damages he may sustain by reason of such change or alteration." We do not discover in this language anything which necessarily implies that no street can be ordered macadamized unless there has been a grade established thereon, by ordinance.

The argument, or contention, of respondent is, that unless such grade has been so established, the property owner, who has been taxed with the improvement, would be without recourse for damages against the city, resulting from a subsequent alteration of the grade on which the improvement was placed. I do not think such result would ensue. There are two parts, or two provisions, in this clause. The first provides for the alteration or change made in any street, etc., "heretofore located or fixed," and the second for the alteration or change of any grade "heretofore fixed or established." In either case, the real estate owner shall have his right of action for any damage consequent upon such alteration or change. If, after thus authorizing the work of macadamizing on this street, at the expense of the adjacent property owners, the city, by ordinance, should have this macadam torn up, and the street lowered or raised, this, in my

opinion, would be such change or alteration in the street, as heretofore located and fixed by the city, as would entitle the person injured to maintain action against the city.

And, certainly, where it has, as in this case, ratified the grade by subsequent ordinance, it would be estopped, as against the private citizen affected by the alteration, from asserting the absence of an antecedent ordinance, establishing the grade. *City to use v. Armstrong*, 56 Mo. 298; *Brown v. Mayor*, 63 N. Y. 239; *New Orleans v. Clark*, 95 U. S. 644. This state of case, and such a ratification and estoppel, are clearly distinguishable from the line of cases cited by respondent, which pertain to the instance of such improvements being undertaken, without the passage of an ordinance, in due form, authorizing the work. In such case, under a charter like this, the contractor would have no right to subject the property of the private citizen to the payment of the tax, nor would he have any recourse on the city; nor could the city, by subsequent ordinance, so ratify the act as to give the contractor the right of action. *Thomson v. City of Boonville*, 61 Mo. 282; *Perkinson v. City of St. Louis*, 4 Mo. App. 322; *Newman v. City of Emporia*, 32 Kas. 456; *Zottman v. San Francisco*, 20 Cal. 97; *Reis v. Graff*, 51 Cal. 86.

But that is not this question. Here the necessary ordinance was adopted by the city, authorizing this work. The charter conferred the power on the city to make such improvements, at the expense of the private property owner. And when the contractor found the power conferred in the charter, and that the ordinance had been passed pursuant to this power, authorizing the letting of the contract on a street "located and fixed" within the city limits, I do not believe he should be required to produce an anterior ordinance of the city, establishing a definite grade on the street, before he can get pay for his work.

The defendant seeks to avoid the assessment against

his property by going further than any adjudication has yet gone, so far as I am able to discover, by assuming that such improvement can be ordered by the city only on such streets as have the grade formally established by ordinance.

What I hold, in this case, is, that where the city, by regular ordinance, has authorized the improvement of one of its, located and fixed streets, and especially where it has, both by such ordinance and subsequent ordinance, recognized the street and the macadam on the fixed grade, as in this case, the city would be estopped, as against this defendant, in any action he might bring against it for altering this street or grade by tearing up this macadam; and that in this action, now pending, it is not essential to the plaintiff's right of recovery that he should show the existence of a previous ordinance establishing a grade for this street.

The judgment of the circuit court should be reversed. With the concurrence of the other judges, it is so ordered, and the cause is remanded for further proceeding in conformity herewith.