# RINEHART v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

## Division One, May 29, 1907.

1. **KILLING STOCK: Defective Gate: Demurrer.** Where plaintiff's evidence tends to show that the gate at the farm-crossing was not up to the standard prescribed by the statute, that it was open at the time his colt was killed and had been most of the month preceding, that his colt passed through the gate and was killed, and that it belonged to him, he makes out a prima-facie case against the railroad company, and its demurrer should be overruled.

2. ——: ——: **Agreement Between Railroad and Land-Owner.** An agreement between the railroad company and an adjoining land-owner to dispense with a gate and fence along the right of way, is no defense to the right of one who was not an adjoining landowner to recover for stock which passed through the unlawful fence which inclosed the adjoining landowner's field, and from that field through the unlawful fence or the negligently-open gate of the railroad, and was killed by defendant. Nor can the railroad, if its fence or gate was unlawful or negligently maintained and as a result plaintiff's stock passed through it and was killed, defeat plaintiff's suit for damages, whether the fence which inclosed the adjoining field was unlawful or not, or whether or not the stock had strayed far from home, and had trespassed over other fields. [Disapproving Ferris v. Railroad, 30 Mo. App. 122.]

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore, Cyrus Crane* and *J. P. Gilmore* for appellant.

(1) Plaintiff was not an adjoining owner within the meaning or protection of the statute requiring railroads to fence their right of way through inclosed lands and cannot, therefore, recover. Ferris v. Railroad, 30 Mo. App. 122; Geiser v. Railroad, 61 Mo. App. 459; Railroad v. Hollingsworth (Tex.), 68 S. W. 724; Railroad v. Huffman (Tex.), 71 S. W. 779. (2) Kaufman,

the adjoining landowner, was entirely satisfied with the fence and gate along the right of way, and with its being open (if such were true, which we deny) and plaintiff, therefore, could not complain of any defect in the fence or of the gate being open. Ells v. Railroad, 48 Mo. 231; Busby v. Railroad, 81 Mo. 49; Harrington v. Railroad, 71 Mo. 384; Madison v. Railroad, 60 Mo. App. 599.

*W. H. Hallett* for respondent.

(1) A railroad company can not, in an action for killing stock, avail itself of the fact that the stock came upon its right of way over the premises of an adjoining proprietor unless such premises were inclosed by a lawful fence, as the statute requiring railroad corporations to erect and maintain lawful fences on the sides of their railroads is not a provision for the exclusive benefit of the adjoining landowners, but is a police regulation for the benefit of the traveling public and incidentally for the protecton of all stock which comes upon the road without first becoming trespassers and because of the failure of the railroad company to erect and maintain lawful fences. Kaes v. Railroad, 6 Mo. App. 397; Carpenter v. Railroad, 25 Mo. App. 110; Smith v. Railroad, 25 Mo. App. 113; Emerson v. Railroad, 35 Mo. App. 621; Dean v. Railroad, 54 Mo. App. 647; Trice v. Railroad, 49 Mo. 438; Berry v. Railroad, 65 Mo. 172; Harrington v. Railroad, 71 Mo. 344; Peddicord v. Railroad, 85 Mo. 160. (2) When a fence is shown to have been defective at the time the animal went upon the track through it, the inference arises that the defendant, upon whom devolved the duty, was not maintaining a lawful fence. And if the time such fence remained defective is material, it is a matter of defense to be invoked by the defendant. Busby v. Railroad, 81 Mo.

47; Davis v. Railroad, 19 Mo. App. 430; Hamilton v. Railroad, 87 Mo. 85.

WOODSON, J.—This is an action which was instituted in the circuit court of Vernon county, by the plaintiff against the defendant, seeking to recover double damages, under the provisions of sec. 1105, Revised Statutes 1899, for the alleged killing of plaintiff's colt by one of defendant's engines and cars, on or about December 25, 1901.

Plaintiff introduced evidence, at the trial, tending to prove that he was the owner of the colt at the time it was killed; that it and other horses escaped from his son while being taken to water, in the town of Richards, Missouri, on December 25, 1901; that they went about two and one-half miles along the public highway and passed through an open gate into a forty-acre field of one Kaufman and from there through an open gate, at a farm crossing, onto defendant's right of way, and the colt was there struck and killed by one of defendant's engines and train of cars; that said gate had been out of repair and open from one to twelve months prior to the killing; that the gate through which the colt passed into the field of Kaufman was open on the day of the injury, and had been several days and weeks prior thereto; that the Kaufman gate was not a lawful gate; and that the colt was worth forty dollars.

Defendant's evidence tended to prove that there were several intervening tracts of land lying between plaintiff's home and the point on defendant's right of way where the colt was killed, which belonged to different owners, and that in order to reach that point it would be necessary for the colt to trespass upon and pass over all of said lands; that the defendant and Kaufman had an arrangement or agreement by which

the gate in the right of way fence, at the farm crossing, and its condition was satisfactory to said Kaufman; and that the gate was closed and securely fastened four or five days prior to the date on which the colt was killed; and that at four o'clock p. m., December 24, the day before the accident, Kaufman closed and securely fastened the gate leading from the public highway into his field.

Defendant demurred at the close of plaintiff's case in chief, and again at the close of all of the evidence in the cause, each of which was by the court overruled, and defendant duly excepted.

The court then over defendant's objections instructed the jury for plaintiff as follows:

1. "The court instructs the jury that if they find from the evidence that plaintiff's colt went upon defendant's track and was struck and killed by defendant's train by reason of the failure of defendant to construct and maintain a lawful fence at a point on its railroad where by law it was required to fence, and that said colt did not pass over a lawful fence in getting to the railroad, then and in that case the verdict should be for the plaintiff in such sum as you may believe from the evidence to have been the market value of the colt at the time it was killed, not to exceed forty dollars."

2. "The court instructs the jury that any understanding or agreement defendant may have had with Kaufman to the effect that defendant need not maintain a lawful fence along their road through his land is no defense to this case, unless said Kaufman's field was inclosed with a lawful fence."

To the action of the court in giving said instructions defendant duly excepted.

The defendant asked the court to give instructions numbered from one to seven, inclusive, and the court gave the first four but refused to give 5, 6 and 7, as

asked; to which action of the court the defendant duly excepted.

The court modified instructions 5 and 6 and gave them as modified, to which action of the court defendant duly excepted.

Said instructions 5, 6 and 7 as asked are as follows:

5. "The court declares the law to be in this case that the duty to fence its road by a railroad company is for the benefit of the adjoining landowner, and that an adjoining landowner through and along whose land a railroad passes may waive the right to have such fences and gates as are prescribed by the statutes, or agree between themselves to dispense with the same. And if you believe from the evidence that the adjoining landowner, Arthur Kaufman, did so waive his right in this instance, and that plaintiff's colt was trespassing in said Kaufman's field, and was in such field without any consent from said Kaufman, then your verdict will be for the defendant."

6. "If the jury believe from the evidence that the defendant's foreman closed the gate on its right of way from two to five days before the 25th day of December, 1901, and that he closed said gate whenever found open by him, then your verdict will be for the defendant."

7. "The court instructs the jury that if they believe from the evidence that the plaintiff was not an adjoining landowner nor a next adjoining landowner to the defendant's railroad, and that plaintiff's colt strayed from his place or field some two and one-half or three miles from the railroad, and point at which it was killed, if it was so killed, and that in reaching said point on said railroad said colt passed over and along the lands of several intervening proprietors before reaching same, then plaintiff cannot recover against

204 Sup—18

the defendant on the ground of its failure, if there was such a failure, to maintain a sufficient and legal gate at and along Kaufman's field, and your verdict will be for the defendant.''

And instructions numbered 5 and 6 as modified and given by the court are as follows:

5. ''The court declares it to be the law in this case that the duty to fence its railroad by a railroad company is for the benefit of the adjoining landowner, and that an adjoining landowner through or along whose land a railroad passes may waive the right to have such fences and gates as are prescribed by the statute, or agree between themselves to dispense with same. And if you believe from the evidence that the adjoining landowner, Arthur Kaufman, did so waive his right in this instance, and that plaintiff's colt was trespassing in said Kaufman's field, by going over or through a legal fence, and was in such field without any consent from said Kaufman, then your verdict will be for the defendant.''

6. ''If the jury believe from the evdence that defendant's foreman closed the gate on its right of way from two to five days before the 25th day of December, 1901, and that he closed said gate whenever found open by him, and that he used due care and diligence in looking after said gate to discover when it was open, then your verdict will be for the defendant.''

The cause was submitted to the jury under the evidence and instructions, and they found for plaintiff and found his damage at the sum of forty dollars.

In due time defendant filed its motions for a new trial and in arrest of judgment, which were, by the court, overruled, and in due time defendant appealed to the Kansas City Court of Appeals. There the judgment of the circuit court was affirmed, but the cause was certified to this court under the Constitution, be-

cause the opinion is in conflict with the opinion of the St. Louis Court of Appeals in the case of Ferris v. Railroad, 30 Mo. App. 122.

I. The first point presented by defendant for our consideration is the ruling of the trial court upon the demurrers offered at the close of plaintiff's evidence in chief, and at the conclusion of all the evidence in the case.

This question is so closely connected with the ruling of the trial court in giving instruction numbered 2 for plaintiff and in modifying and giving instruction No. 5 for defendant, we feel justified in considering the two questions together.

This suit grew out of the defendant's alleged violation of the provisions of section 1105, Revised Statutes 1899, requiring railroads to fence and otherwise enclose their tracks and right of ways. That section, in so far as applicable to the questions involved in this appeal, is as follows:

"Every railroad corporation formed . . . in this State, . . . shall erect and maintain lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands, with openings and gates therein, to be hung and have latches or hooks, so that they may be easily opened and shut at all necessary farm crossings of the road for the use of the proprietors or owners of the land adjoining such railroad, and also to construct and maintain cattle-guards, where fences are required, sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad."

This section requires the railroad to erect and maintain substantial fences along the sides of its road as it passes through the character of premises therein described, and to erect and maintain gates at farm

crossings, all to be at least five feet in height and sufficient in character to turn horses, cattle, mules and other animals.

The undisputed evidence shows the fences and gates were properly erected in the first instance by the railroad company; but the evidence for plaintiff tended to show that they were not maintained, at the place of accident, up to the standard prescribed by the statute, and because of the leaning condition of one of the gate posts, at the farm crossing, it was difficult to fasten and keep the gate closed, and as a result the gate was open upon the occasion mentioned, and had been for the greater portion of the time during the month just preceding the killing, if not longer. Plaintiff's evidence also tended to show he was the owner of the colt, and that it passed through the open gate onto the railroad tracks and was struck by one of its engines and was killed. This evidence showed a violation of the statute, and a consequent damage to plaintiff.

The demurrers admit the truthfulness of that evidence, with all the reasonable inferences that may be legitimately drawn from it. This made out a prima facie case for plaintiff, and entitled him to go to the jury. The fact the defendant introduced substantial evidence tending to show a converse state of facts from that contended for by plaintiff did not destroy or militate against plaintiff's right to have a jury pass upon the case. [Gibson v. Zimmerman, 27 Mo. App. 90; Boone v. Railroad, 20 Mo. App. 235; Gregory v. Chambers, 78 Mo. 298; Kenney v. Railroad, 80 Mo. 573; Milliken v. Thyson Com. Co., 202 Mo. 637.]

There was, therefore, no error in the refusal of the court to give the demurrers to the evidence; provided there was no error in the action of the court in giving instruction number 2 for plaintiff, and its refusal to give defendant's instruction number 5 as asked.

Plaintiff's second instruction, in substance, told

the jury that the agreement between Kaufman and defendant to dispense with the fence and gate along the side of the right of way of the railroad, as located in his field, was no defense to his right of recovery in this case, provided said field was not inclosed with a lawful fence. Defendant's fifth refused instruction declares a contrary declaration of the law from that announced by plaintiff's second and told the jury that said agreement was a bar, provided the colt was trespassing upon Kaufman's land, and passed from there onto the railroad.

If plaintiff's instruction is a correct statement of the law, then the court properly refused defendant's and the judgment should be affirmed; but if upon the other hand the law is as announced in defendant's refused instruction, then the court erred in refusing it and in giving plaintiff's. So the question here presented is, which of the two instructions correctly states the law of the case?

The statute requiring railroads to be fenced had a threefold purpose, namely: For the security of live stock; for the benefit and protection of the owners of enclosures through which the road passes; and chiefly the preservation of the persons and lives of passengers — which would be greatly endangered if cattle and other live stock were not restrained from going upon the tracks. [Stanley v. Railroad, 84 Mo. 630; Berry v. Railroad, 65 Mo. 175.] In the discussion of a similar case to this, this court said: "In a county where the stock law is in force, a railroad company is relieved from the duty of fencing against swine *merely to prevent their getting upon its tracks;* as where the road passes through 'uninclosed lands.' But the legal obligation to 'erect and maintain lawful fences on the sides of the road where the same passes through, along, or adjoining inclosed or cultivated fields,' remains the same every-

where in the State. The general statute, too, requires these lawful fences to be built and maintained for a double purpose, as we have seen; it devotes them to the purpose of inclosing the fields as well as the railroad strip. They are required, among other things, to prevent damages resulting 'by reason of any horses, cattle, mules, or other animals escaping from or coming upon such lands, fields or inclosures.' " [Stanley v. Railroad, 84 Mo. l. c. 631.]

The same is true of this case. The company was required by the statute to erect and maintain a lawful fence on the sides of its road as it passed through Kaufman's field, but the evidence for plaintiff tended to show the gate and fence were out of repair and in a neglected and dilapidated condition; that the gate post was out of plumb, which rendered it difficult to fasten and keep closed, and that on that account it was open at the time the colt was killed, and had been during most of the month of December, and on account of the gate being open the colt wandered upon the track, and was struck and killed by one of defendant's engines. A lawful gate, with proper fastenings and kept closed, would have prevented the injury, and the failure to maintain such a gate was the direct cause of the injury, and plaintiff was thereby damaged to the extent of the value of the colt, which the evidence showed was worth forty dollars, the amount of the verdict returned by the jury.

According to the rule announced in the Stanley case, supra, which has been expressly approved by this court in the following cases, there can be no doubt as to the defendant's liability for the damages in this case: Kingsbury v. Railroad, 156 Mo. 388; Darby v. Railroad, 156 Mo. 391.

To the same effect are the following cases: Morrow v. Railroad, 17 Mo. App. 103; Boyle v. Railroad,

21 Mo. App. 416; Cole v. Railroad, 47 Mo. App. 624.

Defendant does not seriously controvert the conclusion above reached, but tries to escape the conclusion by saying that the plaintiff was not an adjoining landowner or proprietor, nor a next adjoining owner or proprietor to the railroad, where the colt strayed upon the roadway, but resided some two or three miles away from the point of injury, with several intervening owners or proprietors, and that the colt had to necessarily pass over one or more of said enclosures in order to reach the place where the accident occurred, and that, in fact, it did pass over the inclosed farm lands of one Kaufman, and from there onto the railroad tracks, to the place where the injury occurred. Under these facts defendant contends it is not liable to plaintiff for the damages sustained by him, on account of the injury to the colt; and assigns as a reason for that contention that section 1105 is intended for the protection of the adjoining property-owner only, and not for trespassers or the owners of animals which are unlawfully upon the adjoining inclosures. In support of this doctrine defendant cites the following cases: Ferris v. Railroad, 30 Mo. App. 124; Railroad v. Hollingsworth (Tex. Civ. App.), 68 S. W. 724; Railroad v. Huffman (Tex. Civ. App.), 71 S. W. 779.

These cases support the rule contended for by the defendant, but they are not in harmony with the correct adjudications of this State. Our attention has not been called to but one case in this State which upholds that doctrine, and that is the case of Ferris v. Railway, supra. The law of this State as enunciated in the cases before cited and those referred to by the Kansas City Court of Appeals in this case is in direct conflict with the rule laid down in the Ferris case, and for that reason it is hereby overruled.

There is another complete answer to defendant's contention, and that is this: The evidence tended to

show and the jury found that Kaufman's field was not inclosed by a lawful fence. That being true, the colt, under the facts of this case, was not a trespasser while upon his land, and before defendant could successfully interpose the contract of waiver between it and Kaufman, regarding the railroad fence and gate, the burden rested upon it to show Kaufman's fence was a lawful fence, which it attempted to do but failed, as shown by the instructions of the court and the verdict of the jury.

For the reasons herein stated, the judgment of the Kansas City Court of Appeals, affirming the judgment of the circuit court, is hereby affirmed. All concur, except *Graves, J.,* who concurs in result.