## WILLIAM CHILTON, Respondent, v. WALKER D. HINES, Director General of Railroads, Appellant.

Springfield Court of Appeals, August 10, 1920.

1. **RAILROADS: Judgment Against Director General for Double Damages for Injuries to Stock by Failure to Fence Proper.** The double damages imposed by Revised Statutes 1909, section 3145, for injuries to stock by failure to fence, are not in the nature of a penalty, excluded by Order No. 50, based on Federal Control Act March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, section 3115¾a-3115¾p), but they are in the nature of compensation provided for by a "lawful police regulation," saved from impairment by the Federal Act, and hence a judgment therefor against the Director General is proper.

2. ———: **Double Damage Act Valid Police Regulation.** Revised Statutes 1909, section 3145, imposing double damages for injuries to stock by failure to fence, is a valid police regulation.

Appeal from Carter Circuit Court.—*Hon. E. P. Dorris, Judge.*

AFFIRMED.

*W. F. Evans, W. J. Orr* and *J. L. Moore* for appellant.

*J. L. Huett* and *J. W. Chilton* for respondent.

STURGIS, P. J.—This suit was commenced in a Justice of the Peace court to recover double damages for killing a cow under section 3145, Revised Statutes

1909, commonly called the double damage act, and which makes it the duty of railroad corporations running and operating railroads in this State to fence such railroads against stock. The suit was originally brought both against Walker D. Hines, Director General of Railroads as operator and against the St. Louis-San Francisco Railway Company as owner of the railroad. On appeal to the circuit court, that court on defendant's motion dismissed the action as to the railroad company on the ground that the railroad was in the hands of and being operated by the Director General on the date of the injury sued for. The cause then proceeded to final judgment against the Director General for double damages. The said defendant has appealed to this court claiming that the trial court was not authorized under Order No. 50, issued by the Director General with the approval of the President, to render judgment for more than single damages. The error assigned is that the court erred in entering damages for double the value of the animal killed instead of single damages. This is the single question raised by the appeal.

The plaintiff alleged that, on April 6, 1919, his cow, of the value of one hundred dollars, strayed in and upon the track of the railroad in question at a place where said section required same to be fenced by good and lawful fences; that said railroad track was not so fenced and that the cow came on the railroad track and was killed by a train by reason of the failure to maintain lawful fences along the sides of such railroad. It is and was conceded, of course, that the railroad had been taken over and was then being, and had been for more than a year, operated by the Director General of Railroads under the Act of Congress relating to the National Defense. It is conceded that a complete case of liability under the double damage statute was made and the contention is that the Director General, operating the roads for the United States government, is in no case liable for double damages under the statute in question. The defendant concedes liability for single damages.

The defendant bases his defense on the provisions of what is designated as Order No. 50, promulgated October 28, 1918. This order recites that, by the authority of an act of congress, the president took possession and assumed control of the railroads and that such act of congress provides that "carriers while under Federal control shall be subject to all the laws and liabilities as common carriers whether arising under State or Federal laws or at common law except in so far as may be inconsistent with the provisions of this act or with any order of the President." It is further recited that: "Whereas, since the Director General assumed control of said system of transportation, suits are being brought and judgments and decrees rendered against carrier corporations on matters based on causes of action arising during Federal control, for which the said *carrier corporations are not responsible,* and it is right and proper that the actions, suits and proceedings hereinafter referred to, based on causes of action arising during or out of Federal control, should be brought directly against the said Director General of Railroads and not against said corporation." The order then is that actions at law or suits in equity based on death or injury to persons or for loss and damage to property since December 31, 1917 "and growing out of the possession, use and control or operation of any railroad . . . which action, suit or proceeding but for Federal control might have been brought against the carrier" shall be brought against the Director General *and not otherwise;* "provided however that this order shall not apply to actions, suits or proceedings for the recovery of *fines, penalties and forfeitures."* On this last clause the defendant claims exemption from *double* damages.

The act of congress of March 21, 1918, on which this order is based and by which it must be interpreted and limited, contains these provisions:

"Carriers while under Federal control shall be subject to all the laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be in-

consistent with the provisions of this Act or any other Act applicable to such Federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government.

. . . . . . .

"Nothing in this act shall be construed to amend, repeal, impair, or affect the existing laws or powers of the States in relation to taxation or the *lawful police regulations* of the several States, except wherein such laws, powers, or regulations may. affect the transportation of troops, war materials, Government supplies, or the issue of .stock and bonds."

The argument advanced on behalf of the defendant is that our double damage act, section 3145, supra, is a penal statute and a judgment thereunder for damages is for a penalty and hence excluded by Order No. 50 in any suit against the Director General of Railroads. Cases are cited holding that such statute is penal and the amount recovered thereunder is in the nature of a penalty. [Barnett v. Railroad, 68 Mo. 56, 62; Brown v. Railroad, 199 S. W. 709; Spealman v. Railroad, 71 Mo. 434.] The case of Gorman v. Railroad, 26 Mo. 441, characterized this section as penal when it only gave single damages. But it is pointed out in other cases that this statute is both penal and compensatory in that the amount recovered goes to the owner of the stock killed to make good his loss. [Hudson v. Railroad, 53 Mo. 525, 535; Seaton v. Railroad, 55 Mo. 416; Parish v. Railroad, 63 Mo. 284, 286; Rinehart v. Railroad, 204 Mo. 269, 277, 102 S. W. 958.] That a judgment under this statute is compensatory, to the extent of one half at least, is evident as to that extent it merely reimburses the owner for his loss.

All the cases above cited agree that this double damage section above cited is a police regulation and is

a valid exercise of the police powers of the State. The Federal Control Act as we have noted is careful to provide that nothing therein "shall be construed to amend, repeal, impair or affect . . . the lawful police regulations of the several states," except as same may affect the transportation of troops or war supplies. It is apparent that the interpretation which the defendant asks us to give Order No. 50 very much impairs, if it does not totally destroy, this police regulation.

It should also be noted that this Order No. 50 specified as a reason for directing suits to be brought against the Director General that same "are based on causes of action arising during Federal control for which the said carrier corporations are not responsible." In the progress of this case, the defendant, by his motion to dismiss same against the railroad company, took the position that this cause of action arose during and by reason of Federal control and that the carrier corporation was in no way responsible therefor. This we think is correct. It was certainly the duty of the Director General in operating this railroad, after taking same out of the hands of the owner and assuming exclusive control, collecting all its revenues, etc., to keep in repair its instrumentalities of transportation. This included the fences enclosing the railroad track since, as often declared, the purpose of requiring railroads to fence their tracks is to make same safe for transporting passengers. [Gorman v. Railroad, 26 Mo. 441, 450.] The owner of the railroad was certainly not expected, if indeed it was allowed, to do such repair work. It is held in Farrel v. Railroad, 77 Mo. 475, that a trustee operating a railroad should be liable for double damages since such trustee not only has full control over the instrumentalities causing the injury but also the revenues of same. On this theory a receiver is held liable for double damages occurring while such receiver has control and is operating the railroad. The Supreme Court of the United States in Northern Pac. Ry. v. North Dakota, 250 U. S. 135, 63 Law Ed. 897, held that the Act of Congress and the President's proclamation resulted in

bringing about "the complete possession by governmental authority to replace for the period provided the private ownership theretofore existing" and that "no divided but a complete possession and control were given the United States for all purposes as to the railroads in question." That the Director General and not the owners of railroads is solely liable for damages arising from negligence in their operation or for failure to provide or keep in safe condition the instrumentalities of transportation, is in effect held by Nash v. Railroad, 260 Fed. 280; Rutherford v. Railroad, 254 Fed. 880; Haubert v. Railroad, 259 Fed. 361; Cravens v. Hines, 218 S. W. 912.

We are cited to the case of Owens v. Hines, 100 S. E. 617, for an interpretation of this Order No. 50. That was a suit for pure penalty imposed by statute for unreasonable delay in shipping freight. No part of and to no extent was a judgment, recovered for violation of that statute, compensatory as it is here. After quoting Order No. 50 the court there said: "It seems clear from this order that the Director General of Railroads did not assume to repeal the *state police regulation* fixing a penalty for delay in the transportation of freight between two points in this State, but only directed that he should be made a party defendant in other actions brought against any railroad company, and he provided: 'This order shall not apply to actions, suits or proceedings, for the recovery of fines, penalties and forfeitures.' He thus recognized, as Chief Justice White has stated, that the police regulations were not impaired by the Federal statute, but provided that he should be exempt from being made a party to the suits therefor." The court there held that in an action for such penalty, it being nothing but penalty, the Director General should not be made a party defendant but that judgment for such penalty should go against the railroad company. We do not see by what process of reasoning the railroad company, after the operation of the railroad was taken entirely out of its hands, could be held liable for delay in running a freight train by the person having

exclusive control thereof. But this case does correctly hold that the taking over and operating of a railroad by the Director General does not repeal or impair state police regulations such as our double damage act. How then is such police regulation to be enforced in all its vigor? Certainly not against the railroad company. It is conceded that the Director General is liable for single damages—one half the amount imposed by the statute. Is plaintiff to prosecute two suits or be given two judgments, one against the Director General for the actual value of the animals killed and the other against the railroad company for the penalty in like amount? The act of Congress does not so contemplate. No such dual judgment is provided by Order No. 50. Moreover the defendant had this case dismissed as to the owner of the railroad on the ground that it was not liable, leaving the action against the Director General only. Now the Director General seeks to restrict the liability to actual damages only. Thus this police regulation would be impaired if not effectually destroyed—the thing which the act of congress says shall not be done.

The judgment of the trial court will be affirmed. *Farrington* and *Bradley, JJ.,* concur.