JOHNSON v. McMURRY *et al.*, *Appellants.*

**Negotiable Paper:** FRAUD AS A DEFENSE: ORDER OF EVIDENCE. When the maker of a negotiable note proves that the instrument had its origin in fraud, or was fraudulently put in circulation, it is incumbent upon the holder, before he can recover, to prove that he received it *bona fide*, before maturity and for value.

The proper order of proof in such cases is for the plaintiff, after defendant has offered his evidence of fraud, to meet it by evidence of *bona fides* on his part. He is not required, however, to prove that he had no knowledge of the specific facts which impeach its original validity; but may make general proof that he received it before due, *bona fide* and for value. It will then be for defendant to prove that plaintiff had actual notice of the specific facts; and if he fails in this plaintiff must recover.

*Appeal from Knox Circuit Court.*—HON. JNO. C. ANDERSON, Judge.

REVERSED.

*Wilson & Cover* for appellants.

*W. R. McQuoid* for respondent.

HOUGH, J.—This was a suit on a negotiable promissory note executed by the defendants to one J. M. Spencer, and by him transferred to the plaintiff. The consideration for the note was the exclusive right to make and sell in Lewis county "Spencer's Improved Portable Stock Feeder." The defendants alleged in their answer, that the invention was worthless, and that they were induced to purchase the right to make and sell the same, and give their note therefor, by certain false and fraudulent representations of Spencer as to the value of said invention and of the exclusive

right to sell the same, and as to the cost of making said feeder, according to the model furnished, and that plaintiff, when he purchased the note had knowledge thereof, and had conspired with said Spencer to cheat and defraud the defendants.

At the trial, counsel for plaintiff, after offering the note in evidence, and without waiting for any testimony on the part of the defendants tending to show that it had been obtained by fraud, introduced the testimony of plaintiff showing that he was a *bona fide* purchaser for value before maturity, of the note sued on; that he knew the note was given for the right to make and sell the patent feeder; that said feeder was " a good thing," but rather expensive for an ordinary farmer. The defendants thereupon introduced testimony tending to show that in order to induce them to "purchase territory " for the sale of the feeder, said Spencer had falsely and fraudulently represented to the defendants that divers persons, naming them, wanted said feeder, and would each purchase one from the defendants, and if they did not, the sale should be rescinded; that many stock men had tried them and liked them; that they worked well and saved a great amount of labor. Testimony was further offered to show that the feeder was worthless for the purposes for which it was sold; that defendants purchased, relying upon the truth of the representations made, and the promise of Spencer that he would not negotiate the note given by them. No testimony whatever was given tending to show any knowledge on the part of the plaintiff of any of the alleged fraudulent representations of Spencer.

The court, of its own motion, gave the following instructions: 1. The note sued on is a negotiable promissory note, and if the jury shall believe from the evidence in the cause that said note was transferred to plaintiff before the maturity thereof, then before the jury can find for the defendants, they must believe from the evidence in the cause that plaintiff, before he purchased the same, had knowledge of

the representations made by Spencer to defendants, or that the feeder was wholly worthless as a feeder, and that the plaintiff, before he purchased said note, had knowledge of such fact, and further, that the plaintiff had knowledge of the fact that the note sued on was given for such feeder, otherwise they must find for the plaintiff, and the burden of proof is upon the defendants to establish plaintiff's knowledge of such facts.

2.   There is no evidence in the cause that plaintiff had any knowledge of the representations made by Spencer to defendants previous to the time he purchased the note sued on.

3.   If the jury shall believe from the evidence in the cause that the note sued on was given for the right to manufacture a stock feeder, and the same was worthless for such purpose, and that plaintiff knew that said note was given for the right to manufacture such stock feeder before he purchased the same, and knew also that such feeder was worthless as a stock feeder before he purchased said note, then the jury will find for the defendants.

4.   It is the duty of the jury, under their oath, to decide the cause according to the law as laid down in the instructions of the court.

The defendants asked the following instructions, which were refused:   1.   Although the jury may believe from the evidence that the note in controversy was assigned to plaintiff, and that said assignment was for a valuable consideration and before said note was due, yet if they should also believe from the evidence that at the time plaintiff received said note he had notice that said note was given for the right to make and sell the right to use a patent stock feeder in the county of Lewis, and that said feeder was worthless as a stock feeder, then there was a failure of the consideration for said note, and the jury will find for the defendants.

2.   If the jury believe from the evidence that the plaintiff, at the time he purchased the note sued on from

Spencer, knew what the consideration of the note was, and that the consideration was the right of defendants to make and sell the right to use a patent stock feeder in Lewis county, and that there were such facts and circumstances within the knowledge of the plaintiff as would cause a man of ordinary prudence to make inquiry as to the consideration of the note and the manner in which it was obtained, then it was the duty of plaintiff to make such inquiry, and if he failed to do so, then the fact that he bought the note before maturity and for a valuable consideration will not exclude the defendants from their defense of fraud in Spencer in procuring said note.

3. The court instructs the jury if they believe from the evidence that, at the time plaintiff purchased the note, Spencer told him it was for territory for stock feeder, then the law requires him to inquire into and learn the facts of the transaction.

4. If the jury believe from the evidence that at the time defendants gave the note it was agreed between them and Spencer that if Wright & Wright and Graves, of Lewis county, did not buy each a farm right, it was to be no sale, and defendants were not to pay the note, and said parties did not take the rights, and that plaintiff, at the time he bought the note, knew it was given by defendants for territory for the stock feeder, then the jury will find for the defendants.

5. If the jury believe from the evidence that plaintiff knew, at the time he purchased the note, that it was given for the territory of Lewis county, and that at the time of giving said note Spencer represented to defendants that it was a labor-saving patent, that he had built feeders and tried them, and that they worked well, and warranted them to correspond with his representations, and that defendants relied on his representations and gave the note, and that said feeder did not work well, and was not a labor-saving patent, and would not put 100 pounds of flesh on a steer with the

same feed, and was worthless for the purpose of a feeder, then the jury will find for the defendants.

6. If the jury believe from the evidence that plaintiff stated in his deposition that he did not remember whether or not Spencer told him the particulars of how he got the note from defendants, then the jury are warranted in believing he did tell him the transaction between Spencer and defendants.

There was a verdict and judgment for plaintiff.

The first instruction given by the court does not correctly state the law. The mere possession of a negotiable instrument indorsed in blank, imports *prima facie* that the holder acquired it *bona fide*, for value, in the usual course of business, before maturity, and without notice of any circumstances impeaching its validity. Daniel on Neg. Inst., § 812. But when the maker proves that the instrument had its origin in fraud, or was fraudulently put in circulation, it is incumbent upon the holder to prove that he received it *bona fide*, before maturity, and for value. He is not required, however, to prove that he had no knowledge of the specific facts which impeach its original validity. When the general proof is made by the holder that he received the paper before due, *bona fide* and for value, it then devolves upon the maker to prove that the holder had actual notice of the specific facts which would render it originally invalid; otherwise, the plaintiff must recover. *Hamilton v. Marks*, 63 Mo. 167; Daniel on Neg. Inst., §§ 815, 819. The order of proof in the case at bar was reversed, but the case should have been submitted to the jury, just as it would have been, had the prescribed order been observed. Although there was no testimony showing that the plaintiff had any knowledge of the representations made by Spencer to the defendants, and the jury were very properly so instructed, still as, under the rule stated, the testimony as to the fraud in the inception of the note, if believed by the jury, was sufficient to overcome the presumption of law arising from the possession of the instrument, that the

plaintiff acquired the same in good faith, for value and before maturity, the plaintiff's evidence that he did so acquire it, should have been submitted to the jury.

We perceive no error in the third and fourth instructions given by the court. The first instruction asked by the defendant is the same in substance as the third instruction given by the court. The remaining instructions asked by the defendants, do not correctly declare the law, and were, therefore, properly refused. The judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.