Jones v. Burden.

---

56  199
65  291

### JOHN C. JONES, Respondent, v. THOMAS BURDEN, Appellant.

**Kansas City Court of Appeals, January 8 and 29, 1894.**

1. **Bills and Notes:** SHIFTING OF PRESUMPTION AS TO INDORSEE: INSTRUCTION. On the trial, the presumption in favor the indorsee of a promissory note is met by proof that the note had a fraudulent inception between the original parties, and it then devolves upon the indorsee to show that he purchased the note for value before due in the usual course of trade; and thereupon it devolves upon the maker to show the indorsee had notice of the fraud. An instruction mentioned in the opinion, while somewhat confusing, is held not harmful error, as upon the real issue in the cause the instructions were sufficiently clear.

2. **Witnesses:** SURVIVOR OF ORIGINAL PARTIES NOT COMPETENT: CAUSE OF ACTION IN ISSUE AND ON TRIAL. In an action between the executor of the indorsee of a promissory note and the maker, the latter is not a competent witness to testify that the indorsee told him he purchased the note after its maturity, since the fact of the purchase of the note in the regular course of business for value before due was or went materially to make the cause of action.

3. **Practice Trial:** RECESS OF COURT: SEALED VERDICT. Court took a recess for three days leaving the jury out with directions to return a sealed verdict to the clerk and then disperse until the convening of court. They did so and at the convening of court, they reported and delivered and amended their verdict. *Held,* the entire proceeding was within the discretion of the trial court and in this case free from all harmful results.

4. **Instructions Given in Others.** It is not improper to refuse instructions contained in others given.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*O. L. Houts* for appellant.

(1) When defendant introduced evidence tending to show breach of warranty, or fraud, or deceit, or failure of consideration, the burden of proof then rested upon the plaintiff to show that the deceased, Wm. Jones, purchased the note sued on, in good faith, for value before maturity, and the court should have so instructed. *Johnson v. McMurphy,* 72 Mo. 278; *Bank v. Stanley,* 46 Mo. App. 440; *Whaley v. Neill,* 44 Mo. App. 316; *Carson v. Porter,* 22 Mo. App. 179–184; *Bank v. Skeen,* 29 Mo. App. 115; s. c., 101 Mo. 683; *Hamilton v. Marks,* 63 Mo. 167–180; *Cass County v. Green,* 66 Mo. 511; *Henry v. Sneed,* 99 Mo. 422. It makes no difference in what order the evidence was actually introduced at the trial, the rule as to the burden of proof remained the same. *Johnson v. McMurphy, supra; Carson v. Porter, supra.* (2) Plaintiff's third instruction should have been given. This has been expressly ruled in this state in like cases. If the horse was "worthless," then he was of no value for any purpose and there was no consideration for the note. *Keystone Imp. Co. v. Leonard,* 40 Mo. App. 477;

*Johnson v. McMurphy*, 72 Mo. 278. (3) The court should not have permitted the jury to return the sealed verdict. When the court adjourns over from day to day, or for several days, if the jury is retained, it must also be adjourned over as a part of the court. The jury and clerk cannot hold court and try cases in the absence of the judge. *Norvell v. Deval*, 50 Mo. 272. (4) Defendant should have been permitted to testify that deceased stated that he did not acquire the note in suit until after maturity. The "contract (note) in issue" was originally made with John Aldridge, "a person living and competent to," and who did, "testify" at the trial. Defendant was a competent witness as to every issue in the case. The disqualification goes to the witness, not to any particular evidence he may give. Revised Statutes, sec. 8918. (5) Court placed the burden of proof on defendant. It should have permitted him to open and close the argument to the jury. *Carson v. Porter, supra* (at page cited).

*W. L. Jarrott* and *A. A. Whitsitt* for respondent.

(1) "The indorsee of negotiable paper for value before maturity, is presumed to be an innocent purchaser or holder, and before the consideration can be impeached, it must be first shown that the holder had notice of the lack of consideration." *Merrick et al. v. Phillips*, 58 Mo. 436; *Greer v. Yosti*, 56 Mo. 307; *Corby exc., v. Butler*, 55 Mo. 398; *Horton v. Bayne*, 52 Mo. 531; *Hamilton v. Marx*, 63 Mo. 177; Tiedeman on Commercial Paper, sec. 300. (2) "Where the maker of a note sued upon by an indorsee defends upon the ground of fraud in its inception, the burden is upon him to show fraud, participated in by the indorsee, or of which he had knowledge." *Billingsly v. Craddock*, 47 N. W. Rep. (Ia.) 893; Tiedeman on Commercial Paper,

secs. 291, 294, 303. (3) The trial court rightfully excluded the testimony of defendant, Burden, in attempting to relate a conversation between himself and the deceased, Wm. Jones, in which he sought to testify as to Jones' statement, that he did not require the note in suit until after maturity. Revised Statutes, 1889, sec. 8918. This is an amendment of sec. 4010, 1879. Prior to the amendment, Burden would probably be a competent witness, but not since the amendment. This is clearly decided in the cases, of *O'Brien v. Allen*, 108 Mo. 231; *Scott v. Riley*, 49 Mo. App. 251. (4) "The general rule is that the right to open and close is with the plaintiff, in every case where, in order to recover, he has something to prove, whether to establish his right, or to show the extent of his damages." *Elder v. Olive*, 30 Mo. App. 575; *Meredith v. Wilkinson*, 31 Mo. App. 1. (5) The appellant complains of the action of the court in taking recess, and instructing the jury in case they arrived at a verdict, to seal the same; leave the same with the clerk; and separate until Monday, September 12, and return their verdict in open court. The court may exercise a discretion in such matters, except in cases of felony and capital cases. Revised Statutes, 1889, sec. 4209; *Evans v. Foss*, 49 N. H. 490, 497; *Heiser v. VanDyke*, 27 Ia. 358; *Sutliff v. Gilbert*, 8 Ia. 405; *James v. State use etc.*, 55 Miss. 57.

ELLISON, J.—Plaintiff sued defendant to recover the amount of a promissory note which he claimed was indorsed to his intestate for value before maturity in the usual course of business without notice of any infirmity. Defendant set up that the note was without consideration and had its inception in the fraud and deceit of the payee. A judgment was given for plaintiff and defendant appeals.

Plaintiff, to sustain his cause, offered, in the first instance, the note, and in addition, evidence tending to prove that the deceased purchased the *note bona fide* for value before maturity in the usual course of such transactions. Defendant thereupon offered evidence tending to show that the plaintiff's intestate did not so purchase the note, but that he took it after due, or for collection, or as security for, or in payment of, prior indebtedness. Also, that he had knowledge of the lack of consideration.

An instruction was then given for plaintiff informing the jury that the law presumed in favor of the holder of negotiable paper that he purchased it for value, in the usual course, before due and was the innocent holder thereof, and that it was not subject to the defense of fraudulent consideration until these presumptions were overcome by proof, the burden resting upon the defendant in this respect. The presumptions in favor of the indorsee of negotiable paper are as therein set out. On trial this mere presumption should be, and is, met by proof, in defendant's behalf that the note had a fraudulent inception between the original parties. The case then stands, practically, as if there had been no presumption and it devolves upon plaintiff to show that he purchased the note for value before due, in the usual course of trade. It thereupon devolves upon the defendant to show that plaintiff had notice of the fraud.

So while it is true, as stated in this instruction, that the presumption in favor of plaintiff must be overcome by proof on the part of defendant, yet it would have been less confusing and would have been clearer in all respects if the instruction had stated in what such proof might consist. This, for instance, if after the words "overcome by proof," there had been added the words "of the fraudulent inception of the

note," or, "fraudulent consideration of the note." But our opinion is that under the issues presented and the order of proof as had upon the trial, there was no harmful error in this instruction.

Plaintiff not only produced the note in evidence but he offered affirmative testimony tending to show, in the first instance, the matters which the law would have presumed in his intestate's favor without proof. After such affirmative testimony tending to show that the intestate was a *bona fide* purchaser for value before due, in the usual course of such transactions, he was entitled (if believed) to recover, unless defendant could show that the intestate had notice. of the fraudulent origin of the note. And this latter question was the real issue in the cause; and upon it the instructions were sufficiently clear and explicit. As to authority pertaining to this position see: *Hamilton v. Marks*, 63 Mo. 178; *First Nat. Bank v. Stanley*, 46 Mo. App. 440; *Johnson v. McMurray*, 72 Mo. 278; *Henry v. Sneed*, 99 Mo. 422.

The defendant offered, and the court refused to permit him, to testify that the deceased, the indorsee, had stated to him that he did not acquire the note until after maturity. This was offered on the ground that the note—the contract—was originally with the payee, a person living and competent to testify at the trial. The testimony was properly excluded. *Chapman v. Dougherty*, 87 Mo. 617; *Scott v. Riley*, 49 Mo. App. 251; *O'Bryan v. Allen*, 108 Mo. 227. The statute (Revised Statutes, 1889, section 8918) is, "that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify." The fact alleged that the deceased purchased the note in regular course of business, for value before

due, was the cause of action, or went materially to make up the cause of action. One of the parties to this cause of action on trial and at issue was dead. This disabled the living party, otherwise there would have been that unfair advantage in his favor which the statute was designed to prevent.

The cause was submitted to the jury at about eleven o'clock P. M. on the ninth of September, at which time the court took a recess until Monday morning, the twelfth. Before announcing the recess the court discharged the jury until the next morning, the tenth, with directions that if they found a verdict by noon of that day to seal and deliver it to the clerk, when they might separate until Monday morning. The jury arrived at a verdict by noon of the tenth and did seal and deliver it to the clerk and did separate and report to the court in a body Monday morning and did then deliver and announce their verdict. We regard this entire proceeding as within the discretion of the trial court, and can see nothing in it, from the record, whereby any injury happened, or where any improper result followed from it, or where any improper conduct on the part of the jury was thereby occasioned.

The third instruction asked by defendant and refused was not necessary. All in it of any moment to the defendant was fully covered by the concessions contained in the instructions given for plaintiff.

We can see no objection to the action of the court in refusing to strike out a portion of the plaintiff's testimony as to the note being bought by deceased. Nor as to its direction in regard to the opening and closing of the case.

A complete examination of the points made in behalf of appellant has not satisfied us that the judgment should be reversed. It is accordingly affirmed. All concur.