C. W. GOODIN, Appellant, v. C. D. BUHLER, Respondent.

St. Louis Court of Appeals, March 5, 1894.

Promissory Notes: EFFECT OF USURY ON NEGOTIABILITY. The fact that a promissory note on its face bears a usurious rate of interest, does not render it nonnegotiable.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

REVERSED AND REMANDED.

*Wolf & Bowden* for appellant.

*Harrington & Pepperdine* for respondent.

BOND, J.—This action was begun before a justice of the peace on the following promissory note, to wit:
"$161.25.    GREENE COUNTY, Mo., Dec. 19, 1891.

"Three months after date, for value received, I promise to pay to Chas. Undusen, or bearer, one hundred and sixty-one and twenty-five one-hundredths dollars at any bank in Greene county, Mo., with interest at the rate of ten per cent. per annum from date until paid.                    C. D. BUHLER."
                "(Indorsed.)
"Payment of within note is hereby guaranteed, and demand, notice and protest, fully waived.
    "Dec. 24, 1891.            F. E. CRANE."

Defendant had judgment before the justice from which an appeal was taken to the circuit court, where defendant again recovered judgment, from which an appeal is taken to this court.

The evidence tended to show that the plaintiff purchased the note about the twenty-fourth of December, 1891, by paying therefor in cash $152 at Ottawa, Kansas, from F. E. Crane, who indorsed the same as appears *supra.*

The evidence further tended to show that, at the time of this purchase, plaintiff had no knowledge or notice of equities or defenses against the note, and that he did not know either the maker or the payee of the note.

The evidence also tended to show that the maker of the note is a German farmer living in Greene county, Missouri; that he gave the note to one of two lightning rod men, who made some false statements to him to induce him to put lightning rods on his barn. Among other things they told him that "his barn was guaranteed for ten years," and, after exciting him with hints of what he would lose in case he did not give them a note, they induced him to sign the note in question.

The evidence also tended to show that the lightning rods were of no value; that they attracted the lightning, which destroyed the barn and killed a mule and cow belonging to defendant, causing damage to an extent greater than the amount of the note in suit. The court gave, of its own motion, the following instruction:

"1. The plaintiff in this case has no greater right than the original payee, Undusen, had; and, if you find from the evidence that the note was obtained from the defendant by fraudulent representations on the part of the said Undusen, and that it was executed with the understanding that the company, for which Undusen worked, guaranteed defendant's barn against loss by lightning for the space of ten years, and that said guarantee was never intended to be complied with and was fraudulent, and that plaintiff did suffer loss to the amount of the note by reason of lightning striking his barn, then and in that event your verdict should be for the defendant."

And the court refused instructions asked by the plaintiff embodying the propositions: *First.* That the note in suit is a negotiable promissory note. *Second.* That the *bona fide* holder for value of a negotiable note before maturity is not affected by any equities or defenses subsisting between the original parties, and that, if the jury found that the plaintiff was such a

holder, they would return a verdict in his favor. *Third.* As to what would constitute a fraud or circumvention in obtaining the note.

The court refused these requests on the part of the plaintiff. There is but one question in this case, and that is, whether or not the fact that the note in suit shows on its face that the contract is usurious, renders it nonnegotiable.

The usury laws of this state are somewhat different from the statutes of many of the states on the same subject. The theory of the legislation on the subject of usury in this state is, that a contract for usury shall be enforced subject only to a statutory penalty of diverting the interest at the rate of eight per cent. on the "real sum of money or price of the commodity actually lent, advanced or sold," to the county in which such suit may be brought, for the use of the common schools, and a forfeiture of all interest on the part of the plaintiff, and a recovery of costs by the defendant. R. S. 1889, sec. 5976; Acts, 1891, p. 169.

The doctrine on this subject has been thus expressed by the supreme court: "Nor does the general principle, that a contract in violation of law can not be made the foundation of an action, apply to contracts affected with usury, under our laws regulating the interest of money. Those laws do not avoid usurious contracts. They expressly recognize the right of the plaintiff to a recovery, after deducting the penalty for usury, and in this respect are different from some usury laws which render the contract void." *Montany v. Rock,* 10 Mo. 507. According to this view, the note in suit is not an illegal contract in the sense that courts should not enforce it when the illegality appears on its face, as is held in some jurisdictions. *McFerrin v. White,* 6 Cold. 499; *Isler v. Brunson,* 6 Hump. 277; Tiedeman on Commercial Paper, sec. 196.

The only remaining inquiry is whether or not the note in suit is a negotiable instrument by its terms. The law is that, in order to render a promissory note negotiable, it must have all the elements prescribed by statute. These are that it shall be "for the payment of money to the payee therein named, or order or bearer, and expressed to be for value received." R. S., sec. 733.

The note sued on in this case contains all of the statutory requirements, and was therefore a negotiable instrument. There is nothing in the cases cited by respondent which militates against this conclusion. The ground on which the supreme court held that a note, otherwise negotiable, lost its character as such by the insertion of a clause obligating the maker to pay an additional sum of ten per cent. as attorney's fee for the collection thereof, was that this clause rendered the statement indefinite as to the amount to be paid thereunder. *First National Bank v. Gay*, 63 Mo. 33. In the case at bar the note calls for a sum certain, and contains no other clause rendering the obligation to pay unprecise or indefinite. It is not therefore within reach of the reasoning, on which the class of cases cited by respondent is based.

As the instruction given by the trial judge, *supra*, in effect told the jury that the note in suit was not a negotiable instrument, it was error for which this cause must be reversed. The result is that the judgment herein is reversed and the cause remanded. All concur.