Smith v. Mohr.

A. E. SMITH, Appellant, v. CHRISTIAN J. MOHR *et al.*, Respondents.

### St. Louis Court of Appeals, December 10, 1895.

1. **Chattel Mortgages:** USURY: BURDEN OF PROOF IN ACTION BY INDORSEE OF MORTGAGE DEBT. The indorsee of promissory notes secured by a chattel mortgage establishes a *prima facie* case, in an action for the enforcement of the mortgage, by proof of the mortgage and of the notes and indorsement thereof. But this *prima facie* case is met by evidence of the reservation of usurious interest on the notes by the original mortgagee; and, when this has been done, the indorsee has the burden of establishing that he purchased the note in good faith, before maturity, and for value.

2. ———: EFFECT OF USURY. Except as to such *bona fide* purchaser, such usury invalidates the mortgage *in toto*.

3. **Right of Jury to Disregard Uncontradicted Testimony of Interested Witnesses.** It is within the province of the jury to disregard the uncontradicted testimony of interested witnesses, and especially when their testimony has been impeached on cross-examination.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*James R. Kinealy* for appellant.

(1) By the production of the mortgage and of the note indorsed in blank by the payee, the plaintiff made out a *prima facie* case as an innocent purchaser for value before maturity of the note and mortgage. *Ashbrook v. Letcher*, 41 Mo. App. 369; *Hagerman v. Sutton*, 91 Mo. 519. (2) It was error for the court to permit the defendants to show the consideration of these notes before attacking plaintiff's position as a *bona fide* holder for value before maturity. *Jennings v. Todd*, 118 Mo. 296; *Johnson v. McMurray*, 72 Mo. 282;

Tiedeman on Commercial Paper, sec. 303; 2 Randolph on Commercial Paper, secs. 1026 to 1028; *Waite v. Bartlett*, 53 Mo. App. 378. (3) The instruction given at the request of the defendant as to the burden of proof was erroneous. *Carson v. Porter*, 22 Mo. App. 184; *Johnson v. McMurray*, 72 Mo. 282. (4) The instruction asked by plaintiff and refused by the court should have been given. *First National Bank v. Stanley*, 46 Mo. App. 448; *Lincoln National Bank v. Schoen*, 56 Mo. App. 160; Acts of Missouri, 1891, pp. 169, 170; Tyler on Usury, p. 103; *Jordan v. Mitchell*, 25 Ark. 258; 27 Am. & Eng. Encyclopedia of Law, 925.

*O. J. & R. Lee Mudd* for respondent.

BOND, J.—Plaintiff replevied certain household furniture from defendant before a justice, claiming title as the holder of eight promissory notes for $17.50 each, due respectively one, two, three, four, five, six, seven, and eight months after date of the first note, and all secured by a chattel mortgage upon the property replevied, made to one Miller, who indorsed the notes in blank and delivered them and the mortgage to plaintiff. On a trial before the justice plaintiff had judgment. Defendant appealed to the circuit court, and on a trial there recovered judgment, from which plaintiff appealed to this court.

On the trial in the circuit court, plaintiff read in evidence said chattel mortgage and notes and the returns of the constable on the order of delivery, and rested. Thereupon Christian J. Mohr gave evidence tending to show that the mortgage in question was made by himself and wife upon their household effects to secure ten notes of $17.50 each, aggregating $175; that only $125 was paid upon the giving of these notes; that the mortgagee, Miller, stated at the time that the

money lent belonged to a third person, and not to him, and that he was charging for its use at the rate of five per cent per month. It was shown that said Miller was engaged in the business of lending money on household effects at usurious interest; that the first note of the series was paid by defendant to Miller; that when the second fell due it was not paid at once, and a replevin suit was begun by the present plaintiff, Mrs. Smith; that defendant went to the office of the justice who issued the replevin writ, and found there Mrs. Smith and Miller; that he paid the second note to Miller, who turned over the proceeds to the constable; that the latter deducted his costs, and gave the remainder to Mrs. Smith, whereupon that suit was dismissed. Defendant also introduced evidence showing that, after the seizure of his goods in the present suit, he asked Mrs. Smith to allow him to get some knives, forks, spoons, and other articles contained in the bureau and sideboard drawers; that Mrs. Smith declined to permit him to do so, but referred him to Mr. Miller for permission to take such articles; that he called upon Miller, who took him to the property and let him have the articles desired. It was further shown that Mrs. Smith, about the time of this transaction, purchased a note secured by mortgage which was held by the Continental Loan Company; that in prosecuting a suit under such purchase Miller was her bondsman, and that in prosecuting the present suit one Staley is her bondsman. In rebuttal, plaintiff gave evidence that she had $130 on deposit with said Miller, which had been placed there to purchase other notes taken by him in the prosecution of his business, but the occasion passed as Miller collected said loans; that the money, however, was permitted to remain with Miller, who gave plaintiff his demand note therefor; that, by sur-

rendering this demand note and subsequently paying Miller $20, she got the notes in this suit.

Plaintiff's cross-examination evoked unsatisfactory and uncandid replies as to her business relations with said Miller; it was also somewhat contradictory as to whether she saw the indorsements on the present notes at the time she claimed to have the transaction of purchase with Miller. She further stated that the purchase came from a visit by her to Miller's store to see some carpets; that he was a second-hand dealer "in connection with his loan business;" that at this time she scanned over the mortgage which was shown to her, and satisfied herself it was a good security for $150 investment; that in a few days thereafter she consummated the trade and received the notes, which were then indorsed, and the mortgage; that she asked no questions as to the nature of the transaction for which the notes were given; that she knew nothing of Miller's financial condition, but took his oral guarantee for the mortgage.

Appellant complains of the giving by the court of the following instruction at the instance of the respondent:

1.  "The jury are instructed that, if you find from the evidence that the notes, to secure which the mortgage in evidence was given, were given for a sum of money borrowed by Mohr from Miller, together with such an additional sum, representing interest on the sum actually borrowed, as would exceed the rate of eight per cent per annum on the sum actually borrowed, then such notes were usurious and their payment would be the payment of usury; and before the plaintiff can recover under such circumstances she must prove, and the burden is upon her to prove, that she purchased the notes assigned to her, in good faith, before their maturity and for value.

Also of the following instruction given of the court's own motion:

2. "If the jury believe from the evidence that the plaintiff on or about May 1, 1894, bought of Geo. W. Miller the nine (9) notes in controversy, and read in evidence, before the maturity of any of same, and paid a valuable consideration therefor, and received said notes and the mortgage securing same, read in evidence, and at the time of said purchase did not know that said notes were given by the makers thereof for money borrowed at a rate of interest exceeding eight per cent per annum, then your verdict will be in favor of plaintiff."

Appellant further insists that a peremptory instruction to find for her should have been given.

It is clear that appellant made a *prima facie* case of right to possession of the mortgaged effects, when she gave in evidence the mortgage embracing the property replevied and the notes secured by it duly indorsed; for the mortgage is a mere incident to the indebtedness secured by it, and passes with the transfer of such indebtedness. *Hagerman v. Sutton*, 91 Mo. 519. . Under this rule it may be said, as contended by appellant, that after the adduction of this evidence appellant was presumptively entitled to recover.

It is next insisted by appellant that the court erred, at this stage of the trial, in permitting the usurious character of the notes secured by the mortgage to be shown before requiring evidence tending to show that appellant was not a *bona fide* holder for value before maturity. This position rests upon a misapprehension of the proper order of proof. It is the well settled rule in this state that the maker of a note is entitled to meet the *prima facie* case, made for an indorsee by the production of the paper duly transferred, by evidence showing that the note had its origin in. fraud or ille-

gality, and that this evidence will overcome such presumptive right to recover in the holder. *Hamilton v. Marks*, 63 Mo. *loc. cit.* 181; *Johnson v. McMurry*, 72 Mo. 282; 1 Daniel on Negotiable Instruments [3 Ed.], sec. 815; *Campbell v. Hoff*, 31 S. W. Rep. 603. After such a rebuttal of the *prima facie* case in favor of the indorsee or holder, it becomes his duty to establish by evidence that he bought the note before maturity for value and without notice. If this is done, the weight of evidence is re-established in favor of the holder, and his title is *prima facie* that of an innocent holder for value before maturity and can only be defeated by evidence of his knowledge of the "specific facts" affecting the validity of the note. *Johnson v. McMurry, supra.* Hence it is plain that the court did not err, after plaintiff made a *prima facie* case by producing the mortgage and the note duly indorsed, in permitting defendants to give evidence that the note was usurious, and the mortgage taken to secure the same was illegal and invalid under the Acts of 1891, page 171. Appellant's second assignment of error is, therefore, overruled.

Appellant's third complaint is that by the first instruction given, *supra*, the jury were told in effect that, after proof by defendant of the illegality in the inception of the note and the mortgage, the burden rested upon the plaintiff to prove her purchase of the note, in good faith, before maturity and for value. There is no merit in this objection. The instruction was drawn in strict accordance with the rules of the law governing proof in cases like the present, as shown above. Besides, the instruction, as to the matter complained of, is a literal copy of instruction number 3, which was expressly approved in *Hamilton v. Marks, supra* (63 Mo. 170, 171). The case cited to support appellant's contention in this respect is *Carson v. Porter*, 22 Mo. App. 179, wherein it was said that the use of the words,

"preponderance of evidence," in a case where there was no conflict in evidence, was apt to be misleading. The opinion in that case is not that of the Kansas City court of appeals, since there was an express dissent by one of the judges and a concurrence in the result only by another, but merely reflects the individual views of the writer. It is neither in point, nor is it authoritative.

Lastly, the objection urged by appellant is the refusal by the court of an instruction "practically to the effect that plaintiff was entitled to recover." Such an instruction should not have been given in this case. Whether appellant was a *bona fide* purchaser for value, before maturity, of the notes in suit, or whether she was merely acting for Miller by posing as an innocent purchaser so as to enable him to foreclose in her name the mortgage taken for the security of the notes which would be void in his hands under the statute, wholly depends on the belief by the jury in the testimony of appellant and Miller, both of whom were directly interested in the event of this replevin suit, she as the alleged purchaser, and he as the guarantor, according to her testimony, of the mortgage, and the cross-examination of both of whom, even when read in type, shows nothing calculated to prepossess the triers of the fact in favor of the candor and veracity of the witnesses. The burden of proof to establish by general evidence that the notes were acquired in good faith rested upon appellant after the showing of their usurious character by respondent. The jury, therefore, were entitled to disregard her testimony to establish this issue, even if it was uncontradicted, since it was the evidence of interested witnesses, and especially since it was impeached upon cross-examination. *Johnson v. Mc-Murry; supra; Kenney v. Railroad,* 80 Mo. 573; *Cannon v. Moore,* 17 Mo. App. 102; *Boone v. Railroad,* 20 Mo. App. 232; Rapalje on Witnesses, sec. 186; *Johnson v.*

*Simmons*, 61 Mo. App. 399.   This issue was properly presented in the second instruction, *supra.*

It is finally suggested by appellant that, inasmuch as she would be entitled on a suit in the notes in controversy to recover the balance due after excepting the usury and applying credits for all payments, she should be entitled to that extent to enforce the mortgage in the present action.   It is sufficient to say that the act rendering mortgages illegal and invalid for usury permits no scaling of the mortgage to correspond with a right to recover on the note, but in express terms does away with the mortgage altogether as a muniment of title or lien in favor of a person subject to the provisions of the act.   The present action merely determines that the mortgage on the personal effects of defendant is not enforcible by appellant.   It does not prevent the recovery by appellant in an independent suit upon the notes under the first section of the act of 1891, page 170.

Finding no error in the judgment of this case, it will be affirmed.   All concur.