C. W. GOODIN, Appellant, v. C. D. BUHLER, Respondent.

St. Louis Court of Appeals, February 25, 1896.

1. **Promissory Notes:** BURDEN OF PROOF: INSTRUCTIONS. When it has been shown, in an action by the indorsee of a negotiable promissory note against the maker, that the note was procured by fraud, it devolves upon the plaintiff to prove that he acquired the note in good faith before its maturity and for value; and an instruction requiring him to establish this by the preponderance of the evidence is held to be correct.

2. ———: CONCLUSIVENESS OF EVIDENCE. Proof of such a purchase is considered, and is held not to have been conclusive because made by interested witnesses and because it was, moreover, opposed to other evidence.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Francis M. Wolf, Rufus V. Bowden,* and *T. V. Silvers* for appellant.

*W. S. Brown* and *George Pepperdine* for respondent.

BOND, J.—This is the second appeal in this case. The note sued on, with its indorsements, is set out in the former opinion, as also are the facts as to the institution of the suit. 57 Mo. App. 63. It will suffice here to state that the note was for $161.25, made December 19, 1891, by C. D. Buhler, and payable three months after date to Charles Unduzen, or bearer, and that it bore indorsement and guaranty of payment, dated December 24, 1891, over the name of F. E. Crane.

On the trial, after being remanded, the defense was that the note was without consideration and founded in fraud, and that these facts were known to the plaintiff. Plaintiff admitted that the note had its inception in fraud, but claimed to be a *bona fide* purchaser for value and before maturity. This was the only issue presented to the jury.

The evidence for plaintiff tended to prove that the note in question was bought by plaintiff on the twenty-fourth of December, 1891, on which day it was indorsed to him by one Crane, a wholesale lightning rod dealer, who had taken it in satisfaction of some indebtedness to him for materials by the payee, who was a traveling vendor of lightning rods and had taken

the note in the prosecution of such business; that, when plaintiff purchased the note, he knew nothing of its consideration or any defenses thereto, but paid near its face value in cash therefor, and kept the note in his own custody from the date of such purchase until he sent it to a bank in Springfield, Missouri, for collection, about the seventh of March, 1892, a few days before its maturity.

Defendant's evidence tended to prove that the note in suit was offered for sale at a bank in Ash Grove, Missouri, by some person other than the plaintiff, either on January 4, 1892, or on March 1, 1892, at which time it was unindorsed.

From a verdict and judgment for defendant upon the foregoing evidence, plaintiff appealed. The first error assigned is that the court should have directed a verdict for plaintiff.

This assignment is not well taken. After the admission on the trial by plaintiff that the note in suit was fraudulently obtained, it was incumbent upon him to prove that he was an innocent holder for value, and before maturity of the note, in order to recover thereon. To discharge this duty plaintiff adduced his own testimony and that of his grantor, Crane. This evidence was given by interested witnesses; it was impeached by the contradictory testimony for defendant, showing that the note, which plaintiff claimed was indorsed to him in writing on the twenty-fourth of December, 1891, was subsequently to that date hawked for sale at a country bank with no written indorsement upon it. The burden of proving this issue rested upon the plaintiff. The jury were the sole judges of the credibility of the evidence adduced for that purpose. In passing upon it they had the constitutional power to disregard it, if it was impeached or incredible on any other just grounds. It was clearly the duty of the

trial court under the facts shown in this case to submit the issue to the jury, and appellant's first assignment of error is, therefore, overruled. The misconception, under which the appellant labors, is that the evidence adduced on his behalf was conclusive. Under the facts in this record the jury were not bound so to regard it. *Smith v. Mohr*, 64 Mo. App. 39, and cases cited; *Jones v. Burden*, 56 Mo. App. 199.

Appellant also complains of the following instruction: "The court instructs the jury that it is admitted that the note in suit was obtained from the defendant, by the original payee therein, fraudulently and without consideration. Unless, therefore, you believe from a preponderance of the evidence that plaintiff purchased said note for value and in good faith, and without notice of its imperfections, before the maturity thereof, you must find the issues for the defendant."

This instruction was a correct declaration of law as applied to the facts in this case. See instruction number 3, approved in *Hamilton v. Marks*, 63 Mo. 167.

The only other error assigned relates to a question propounded to plaintiff on cross-examination as to the extent of his investments in the business of shaving notes. The inquiry might have had some bearing as to his ability to buy the note in suit. It was, therefore, not wholly irrelevant.

Finding no reversible error in this case, it will be affirmed. All concur.