JAMES K. LANGFORD, Appellant, v. D. S. VARNER *et al.*, Respondents.

St. Louis Court of Appeals, February 25, 1896.

1. **Promissory Notes:** PURCHASE FOR ANTECEDENT DEBT. The purchaser of a negotiable promissory note is a purchaser for value, when he takes it in payment of an antecedent debt.

2. ———: RIGHTS OF TRANSFEREE OF BONA FIDE PURCHASER FOR VALUE. When the *bona fide* purchaser for value of such a note transfers it to another, his title and rights pass to such transferee. Such transferee, accordingly, *takes the note free from equities, though the transfer was made after maturity and with actual notice of the equities.*

3. ———: WEIGHT OF EVIDENCE. *Held*, that the weight of the evidence herein establishes a transfer of the note in suit in good faith before maturity and for value.

*Appeal from the Ripley Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*J. L. Fort* for appellant.

(1)    The consideration of negotiable paper in the hands of a *bona fide* holder for value before maturity can not be inquired into. *Hamilton v. Marks*, 63 Mo. 178; *Mayes v. Robinson*, 93 Mo. 122; *Jennings v. Todd*, 118 Mo. 296.    (2)    One who takes such a note in payment of an existing debt is a *bona fide* holder for value. *Hodges v. Black*, 76 Mo. 537; *Napa Wine Co. v. Rinehart*, 42 Mo. App. 178; *Fitzgerald v. Barker*, 96 Mo. 664; *Bank v. Frame*, 112 Mo. 511, 512; 2 Am. and Eng. Encyclopedia of Law, p. 392. (3) The title of a *bona fide* holder for value of a negotiable note, before the maturity thereof, can not be invalidated by a subsequent knowl-

edge of the existence of equities between the original parties to the note. *Fitzgerald v. Barker*, 96 Mo. 663, 664; *Hagerman v. Sutton*, 91 Mo. 519, 531, 532, 533; *Leavitt v. La Force*, 71 Mo. 353. (4) If the transferrer is a *bona fide* holder without notice of defenses, his transferee after maturity can stand upon the good faith of his transferrer, and enjoy the benefit of his superior title. 1 Tiedeman on Commercial Paper, sec. 295, p. 510; *Smith v. Hiscock*, 14 Me. 449; *Woodman v. Churchill*, 52 Me. 58; *Roberts v. Lane*, 64 Me. 108; *Thompson v. Shepard*, 12 Metc. 311; *Bissell v. Gowdy*, 31 Conn. 48; *Fairclough v. Pavia*, 9 Exch. 690; *Chalmers v. Lamon*, 1 Camp. 383; *Wilson v. Merchant's Sav. Bank*, 45 Pa. St. 594; *Reigel v. Cunningham*, 9 Phila. 177; *Bassett v. Avery*, 15 Ohio St. 299; *Lock v. Talford*, 52 Ill. 166; *Bradley v. Marshall*, 54 Ill. 173; *Richert v. Koener*, 54 Ill. 306; *Peabody v. Ries*, 16 Iowa, 171; *Nowell v. Crane*, 12 La. Ann. 126; *Commissioners v. Clark*, 94 U. S. 285; *Cromwell v. County of Lac*, 96 U. S. 51; *Hoffman v. Bank of Milwaukee*, 12 Wall. 181; *Cook v. Larkin*, 10 La. Ann. 507; *Hereth v. Merchant's Nat. Bank*, 34 Ind. 380; *Prentice v. Lane*, 2 Gratt. 262; *Kinney v. Kruse*, 28 Wis. 190; *Watson v. Flannagan*, 14 Tex. 354; *Cotton v. Sterling*, 20 La. Ann. 282; *Simonds v. Merritt*, 33 Iowa, 537; *Monger v. Cooper*, 35 Iowa, 257; *Hascal v. Whitmore*, 19 Me. 102; *Riley v. Scahwhacker*, 50 Ind. 592; *Wadsworth v. Hunton*, 40 Ill. 131; *Hogan v. Moore*, 48 Ga. 156; *Boyd v. McCann*, 10 Md. 118; *Bank v. Stanley*, 46 Mo. App. 440, see p. 449; *Craig v. Zimmerman*, 87 Mo. 475.

No brief filed for respondents.

BIGGS, J.—This is an action on a negotiable note for $80, payable to Robert Wimberley. The note is of date May 2, 1888, was by its terms payable on or before

the twenty-fifth day of December of that year, and bears interest from date at the rate of ten per cent per annum. The following indorsements appear on the note, viz.: "ROBERT WIMBERLEY." "We assign the within note to James K. Langford, July 18, 1893. (Signed) GEORGE A. NEAL & Co." The defendants admit the execution of the note, but claim in their answer that on the first day of August, 1888, Wimberley owed D. S. Varner, the principal in the note, $20 for a cow, which amount Wimberley agreed to indorse as a credit on the note; that on the first day of September, 1888, Wimberley became indebted to D. S. Varner in various other sums, amounting in the aggregate to $51.75, which the defendants allege Wimberley also agreed to enter as credits on the note, all of which he neglected to do. The case was submitted to the court without the intervention of a jury, and the finding and judgment were for the defendants. The plaintiff has appealed and complains of the refusal of his instructions, and that the judgment is opposed to the evidence.

The defendants introduced evidence tending to prove the payments and their dates as alleged. They admitted that at the time stated, the plaintiff purchased the note from Neal & Company, but they denied that the latter were *bona fide* purchasers of it before its maturity. On that point the plaintiff's evidence tended to prove that, some time prior to the maturity of the note, Wimberley assigned and delivered it to George A. Neal & Company in satisfaction of a preexisting debt due from him to them, and that they took the note without notice of the alleged payments. The defendants introduced no evidence to the contrary. There was evidence that, at the time the plaintiff bought the note, he had been notified that the defendants claimed a payment of $20.

George A. Neal & Company took the note free of all existing equities, if they acquired it prior to its maturity and in satisfaction of a debt due to them from Wimberley and without notice of the alleged payments. *Fitzgerald v. Barker*, 96 Mo. 661; *Napa Valley Wine Co. v. Rinehart*, 42 Mo. App. 171. Whatever title they had passed to the plaintiff, although he acquired the note after its maturity and had notice of the alleged payments. *Bank v. Stanley*, 46 Mo. App. 440; Tiedeman on Commercial Paper, sec. 295, p. 510, and authorities cited. Mr. Tiedeman says: "It must be always kept in mind not only that the transferee of overdue paper does not get a better title than his transferrer, but also that he gets whatever title the transferrer has. If the transferrer is a *bona fide* holder without notice of defenses, the transferee after maturity can stand upon the good faith of his transferrer, and enjoy the benefit of his superior title. The principal reason for this rule, apart from the fact that a grantor always conveys whatever title he has, is that it alone enables the *bona fide* holder to derive full benefit from his superior title. If he could not transfer it, he could only enforce it against the prior parties." In view of these authorities we can not understand upon what principle the plaintiff's instructions were refused, which were to the effect that if Neal & Company purchased the note before its maturity, and without notice or knowledge of the alleged payments, then the note in the hands of the plaintiff, who is admitted to be a purchaser for value, was not subject to the defenses sought to be made.

Neither can we understand why there was a judgment for the defendants. The possession of the note by Neal & Company imported, *prima facie*, that the firm had acquired it for value, in the usual course of business before maturity and without notice of any cir-

cumstance impeaching its validity. *Johnson v. McMurry*, 72 Mo. 278. The defendants having intro-duced evidence tending to prove the agreement with Wimberley concerning the payments, the plaintiff intro-duced George A. Neal as a witness, who testified that his firm purchased the note prior to its maturity; that it was taken in payment of a preexisting debt due from Wimberley to his firm, and that the members of his firm had no notice of any equities against the note, if any such existed. Thus the burden of the evidence was shifted back upon the defendants to prove that Neal & Company did have notice of the alleged pay-ments (*Johnson v. McMurry*, *supra*), and, they having failed to do so, the plaintiff was entitled to a judgment for the full amount of the note on the weight of the evidence.

With the concurrence of the other judges, the judgment of the circuit court will be reversed and the cause remanded. It is so ordered. All concur.